STATE OF WEST VIRGINIA
COUNTY OF RALEIGH:

I, Paul H. Flanagan, Clerk of the Circuit Court of Raleigh County do hereby

Certify that the foregoing is a true and correct copy from records of my office as the

same exists therein.

IN TESTIMONY WHEREOF, I hereunto place my hand and affix the official

seal of this Court, at Beckley this the *22nd* day of *September*          2011.

*Paul H. Flanagan*
_____
Clerk


EXHIBIT
A

JOHN S. SHUFF                    vs. CAPITAL ONE BANK (USA), N.A.


LINE   DATE    ACTION

 1 11/09/10  CASE FILED-PROCESS ISSUED TOGETHER W/COMPLAINT. HANDED BACK TO
 2          RUNNER.  (CC)
 3 11/17/10  CERT OF SERV OF PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
 4          FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT.,(B.C.)
 5 11/19/10  REC RET OF SERV OF PROCESS ACCEPTED BY SECY OF STATE ON BEHALF
 6          OF CAPITAL ONE BANK USA NA. ON 11-16-10. (AB)
 7 12/22/10  ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CAPITAL ONE BANK
 8          (USA), N.A.,/CERT., (ATTY; BRUCE M. JACOBS/JAMES S. CROCKETT,JR.
 9          (B.C.)
10 12/22/10  CERT OF SERV OF DEFENDANT CAPITAL ONE, N.A.'S FIRST SET OF INTER
11          ROGATORIES AND REQUESTS FOR PRODUCTIION TO PLAINTIFF.,  (B.C.)
12 01/04/11  CERT OF SERVICE COPY DEFT'S ANSWERS & RESPONSES TO PLTF'S FIRST
13          SET OF INTERRS & FIRST REQS FOR PRODUCTION OF DOCS TO DEFT.  BJC
14 01/13/11  NOTICE OF TELEPHONIC SHCEDULING CONFERENCE 1/19/11 @ 9:30 AM
15          CERT OF SERVICE.  MBS/BJC
16 01/19/11  SCHEDULING ORDER/PRETRIAL SET 04/16/2012 @ 10:00 AM/TRIAL SET
17          04/24/2012 AT 9:00 AM. (DP)
18 01/19/11  NOTICE OF DEPOSITION OF PLAINTIFF/CERT., (APRIL 28, 2011 @9:30
19          A.M.).,   (B.C.)
20 01/14/11  ORDER APPOINTING GUARDIAN AD LITEM., U.O.B.#7, PAGE
21 03/01/11  PROTECTIVE ORDER SENT TO JUDGE HUTCHISON TO SIGN. MBS/BJC
22 02/18/11  CERT OF SERV - PLAINTIFF'S RESPONSES TO DEFENDANT CAPITAL ONE
23          BANK USA,N.A'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
24          PRODUCTION.  (DP)
25 03/04/11  PLFT MOTION FOR PARTIAL SUMMARY JUDGEMENT FOR 77 VIOLATIONS OF
26          WV CODE 46A-2-128(E) W/EXHIBITS AND CERT OF SERV. (FS)
27 03/07/11  NOTICE OF MOTION ON APRIL 29, 2011 AT 11AM/CERT OF SERV. JS
28 03/08/11  PROTECTIVE ORDER COB 195 PG 607 (YOUNG,BEBLO)
29 03/24/11  CERT OF SERV FOREGOING PLTF'S SECOND SET OF INTERROGATORIES AND
30          REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFT. (AB)
31 04/26/11  PLTFS DISCLOSURE OF FACT WITNESSES/CERT OF SERV.  MEM
32 04/29/11  DEFT CAPITAL ONE BANK (USA), NA RESPONSE TO PLTF'S MOTION FOR
33          PARTIAL SUMMARY JUDGEMENT FOR 77 VIOLATIONS OF WV CODE 46A-2-128
34          W/EXHIBITS AND CERT OF SERV. (FS)
35 04/29/11  CERT OF SERV "DEFT CAPITAL ONE BANK USA NA RESPONSE TO PLTF
36          MOTION FOR PARTIAL SUMMARY JUDGEMENT FOR 77 VIOLATIONS OF WV
37          CODE 46A-2-128". (FS)
38 05/02/11  CERT OF SERV OF DEFT CAPITAL ONE BANK (USA)  N.A. FACT WITNESS
39          DISCLOSURE. MBS/BJC
40 05/05/11  NOTICE OF DEPOSITION OF MONA SHUFF AND CERTIFICATE OF SERVICE PC
41 05/11/11  ORDER GRANTING PLTF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON 77
42          VIOLATIONS OF WV CODE 46A-2-128(E) UNDER ADVISEMENT PENDING
43          ADDITIONAL BRIEFING & THIS COURT'S RULING ON THE ISSUE OF PRE-
44          EMPTION.  (YOUNG, BEBLO)  COB#197 PG. 372  (AV)
45 05/16/11  TRANSCRIPT OF HEARING HELD ON 04-29-11 BEFORE THE HONORABLE
46          JOHN A. HUTCHISON.  (AV)
47 05/12/11  CERT OF SERV/DEFT ANSWERS AND RESPONSES TO PLTF'S 2ND SET OF
48          INTERROGATORIES AND REQS FOR PROD OF DOCS TO DEFT. MBS/BJC
49 05/18/11  ORDER TAKING PLTF'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER
50          ADVISEMENT PENDING ADDITIONAL BRIEFING & THIS COURTS RULING ON

JOHN S. SHUFF                 vs. CAPITAL ONE BANK (USA), N.A.


LINE    DATE    ACTION

 51             THE ISSUE OF PREEMPTION.  (YOUNG, BEBLO) COB#197 PG. 461  (AV)
 52  07/11/11   CERT OF SERV/DEFT'S SUPP ANSWERS AND RESONSES TO PLTFS 2ND SET O
 53             OF INTERROGATORIES AND REQS FOR PROD OF DOCS TO DEFT. MBS/BJC
 54  07/15/11   VERIFICATION.           BJC
 55  07/19/11   DEFENDANT CAPITAL ONE BANK (USA), N.A.'S SUPPLEMENTAL MEMORANDUM
 56             ON PREEMPTION OF WEST VIRGINIA CODE #46A-2-128(E)/CERT., (B.C.)
 57  08/19/11   ORDER FINDINGS OF FACTS & CONCLUSIONS OF LAW DENYING THE DEFT'S
 58             MOTION FOR PREEMPTION UNDER FEDERAL LAW. (YOUNG,BEBLO) COB#200
 59             PG. 77  (AV)

JOHN S. SHUFF                    vs. CAPITAL ONE BANK(USA), N.A.


LINE   DATE   ACTION

   1 05/05/11  CASE FILED-ISSUED SUMMONS AND COMPLAINT AND DEL TO ATTY.  MEM
   2 05/13/11  CERT OF SERV OF PLTFS FIRST SET OF INTERRS AND REQT FOR
   3           PRODUCTION OF DOCUMENTS TO DEFT.  MEM
   4 05/16/11  REC ACCEPTANCE FROM SEC OF STATE ON BEHALF OF CAPTIAL ONE BANK.
   5           MBS/BJC
   6 06/15/11  ANSWER AND AFFIRMATIVE DEFENSES OF DEFT CAPITAL ONE BANK USA NA/
   7           CERT OF SERV. ATTY BRUCE JACOBS. (AB)
   8 06/15/11  DEFT CAPITAL ONE BANK USA, NA'S MOTION TO DISMISS, OR IN THE
   9           ALTERNATIVE, MOTION TO CONSOLIDATE, AND SUPPORTING MEMORANDUM
  10           OF LAW/CERT OF SERV. (AB)
  11 06/28/11  MEMORANDUM FROM JUDGE BURNSIDE, 6/23/2011 TO ATTYS YOUNG &
  12           JACOBS CONCERNING MOTION HEARING SET 8/24/2011 @ 2:30 PM.  (DP)
  13 06/29/11  CERT OF SERV OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S RESPON-
  14           SES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQ-
  15           UESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT.,   (B.,C.)
  16 07/25/11  DEFT CAPITAL ONE BANK USA, NA'S NOTICE OF UNOPPOSED MOTION/CERT
  17           OF SERV. (AB)
  18 08/01/11  MEMORANDUM FROM JUDGE BURNSIDE, 8/1/11 TO ATTYS YOUNG & JACOBS
  19           CONCERING MOTION TO DISMISS.  (DP)
  20 08/01/11  FINAL ORDER ENTERED (CROCKET) COB#199 PG. 341 (AV)
  21 08/12/11  PLTFS RESPONSE TO DEFTS MOTION TO DISMISS OR IN THE ALTERNATIVE
  22           MOTION TO CONSOLIDATE/CERT OF SERV. MBS/BJC
  23 08/30/11  AGREED ORDER SETTING ASIDE DISMISSAL & CONSOLIDATING ACTIONS-
  24           RE-INSTATING 11-C-345-B & CONSOLIDATED WITH 10-C-989-H & THAT
  25           ALL FURTHER PROCEEDINGS BE CONDUCTED BEFORE JUDGE HUTCHISON.
  26           (BEBLO,YOUNG) COB#200 PG.348 (AV)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 10-C-989-H

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT

## COMPLAINT

1.  The Plaintiff, John S. Shuff, is a resident of West Virginia.

2.  The Plaintiff is a person who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3.  The Defendant, Capital One Bank (USA), N.A., (herein "Capital One"), is a national bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

4.  The Defendant, Capital One, is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia, including Raleigh County, West Virginia.

5.  After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, Capital One, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff and through the United States Mail.

6.  The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in connection with consumer indebtedness on which Plaintiff had become in arrears.

7.   Thereafter, the Defendant caused a telephone collection call to be placed to Plaintiff's home.  During the telephone call, Plaintiff told the Defendant's employee that Plaintiff was represented by an attorney and gave Defendant's employee the Plaintiff's attorney's name and telephone number.

8.   Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff's residence.

9.   The Defendant maintains records of each call placed to the Plaintiff's residence by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

10.   Such records will reflect that the Defendant placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

11.   Plaintiff incorporates the previous paragraphs as if fully set forth herein.

12.   The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

*Page 2 of 7*

a) engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff's residence in violation of *West Virginia Code* §46A-2-125;

b) causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

c) using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney and the attorney's name and address were known or could be easily ascertained;

d) failing to clearly disclose the name of the business entity making a demand for money upon Plaintiff's indebtedness in violation of *West Virginia Code* §46A-2-127(a) and (c).

13.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT II

#### *COMMON LAW NEGLIGENCE*

14.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

15.   Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

16.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT III

#### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

17.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

18.   The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a.   Defendant placed telephone calls to Plaintiff's residence after Defendant knew that Plaintiff was represented by an attorney in gross violation of the WVCCPA;

b.   Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c.   Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e. Insofar as Defendant's conduct of engaged in telephone conversation with Plaintiff to have been undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

f. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

19. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

20. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### *COMMON LAW INVASION OF PRIVACY*

21. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

22. The Plaintiff has, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

*Page 5 of 7*

23. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

24. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

25. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

a. Actual damages for the past violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1);

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106;

c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiff be awarded general damages for the Defendant's past and future negligence as alleged in Count II of the Complaint;

e. The Plaintiff be granted general damages and punitive damages for Defendant's past and future conduct alleged in Count III and IV; and

f.  Such other relief as the Court shall deem meet and proper under the attendant circumstances.

**NOTWITHSTANDING THE DEMANDS MADE ABOVE, PLAINTIFF AND ATTORNEYS FOR PLAINTIFF AGREE TO BE BOUND BY THE FOLLOWING STIPULATION: THE PLAINTIFF SHALL NEITHER SEEK OR ACCEPT AN AMOUNT GREATER THAN $74,999.00 IN THIS CASE, INCLUDING ANY AWARD OF ATTORNEY FEES, BUT EXCLUDING INTEREST AND COSTS. PLAINTIFF HAS FILED HEREWITH SUCH BINDING STIPULATION.**

JOHN S. SHUFF

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____

Ralph C. Young *(W. Va. Bar #4176)*
Christopher B. Frost *(W. Va. Bar #9411)*
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

*Page 7 of 7*

F:\CM\18389\18389Complaint.wpd

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO. __10-C-989-H__

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff and attorneys for Plaintiff agree to be bound by the following stipulation:  The

Plaintiff shall neither seek or accept an amount greater than $74,999.00 in this case, including any

award of attorney fees, but excluding interest and costs.

_____
JOHN S. SHUFF

_____
RALPH C. YOUNG (W. Va. Bar #4176)
CHRISTOPHER B. FROST (W. Va. Bar #9411)
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by JOHN S.

SHUFF on this the __4th__ day of __November__, 20__10__.

_____
Bonnie Tompkins
NOTARY PUBLIC

My commission expires:          __July 31, 2016__

OFFICIAL SEAL
NOTARY PUBLIC, STATE OF WEST VIRGINIA
BONNIE TOMPKINS

F:\CM\18389\18389\Stipulation frm



# SUMMONS

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 10-C- 989-H

JOHN S. SHUFF,                                        PLAINTIFF

V.

CAPITAL ONE BANK (USA), N.A.,                         DEFENDANT

To the above-named Defendant:   **CAPITAL ONE BANK (USA), N.A.,**
**% RICHARD D. FAIRBANK**
**4851 COX ROAD**
**GLEN ALLEN, VA 23060**

**IN THE NAME OF THE STATE OF WEST VIRGINIA:** You are hereby summoned and required to serve upon RALPH C. YOUNG AND CHRISTOPHER B. FROST, plaintiff's attorneys, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorneys within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:   11-9-10

Janice B. Lewis
Clerk of Court

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court of Raleigh County, West Virginia

I. CASE STYLE

Plaintiff(s):

Case # 10-C-989-H

**JOHN S. SHUFF**

JUDGE _____ Hutchison

v.

Defendant(s):

Days to Answer

Type of Service

**CAPITAL ONE BANK (USA), N.A.**      30       Sec of State

Original and two (2) copies of COMPLAINT furnished herewith.

| PLAINTIFF(S):  JOHN S. SHUFF<br>DEFENDANT(S):  CAPITAL ONE BANK (USA), N.A. | CIVIL ACTION NO.  10·C·989-H |

## II. TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Ct |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of<br>Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☒ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III.    JURY DEMAND:  ☒ Yes   ☐ No

CASE WILL BE READY FOR TRIAL BY (*MONTH/YEAR*):  06/2011

CIRCUIT CLERK
2010 NOV -9 PM 4:23

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?  ☐ YES   ☒ NO
IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

| Attorney Name:  **RALPH C. YOUNG & CHRISTOPHER B. FROST** | Representing: |
|---|---|
| Firm Name:  **HAMILTON BURGESS YOUNG<br>& POLLARD, pllc** | ☒ *Plaintiff*          ☐ Defendant<br>☐ Cross-Complainant   ☐ Cross-Defendant |
| Address:  **P O BOX 959<br>FAYETTEVILLE, WV 25840** | Dated:    November 5, 2010 |
| Telephone:  **(304) 574-2727** | |

*Signature*

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT

## CERTIFICATE OF SERVICE

I, CHRISTOPHER B. FROST, counsel for the Plaintiff, do hereby certify that

a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST

REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT was forwarded

to the Circuit Clerk of Raleigh County, West Virginia, by mailing true copies of the

same by United States mail, postage prepaid, on this the 15th day of  November,

2010, for acceptance of service by:

> ATTN: Process Section
> Corporations Division
> West Virginia Secretary of State
> Bldg. 1, Suite 157-K
> 1900 Kanawha Blvd. East
> Charleston, WV  25305-0770

_____
CHRISTOPHER B. FROST

F:\CM\18389\18389CertServ Disc-1 Ltr.frm

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**JOHN S. SHUFF,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 10-C-989-H**
                                                **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

      **Defendant.**

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT CAPITAL ONE BANK (USA), N.A.

Defendant Capital One Bank (USA), N.A. ("COBUSANA"), by counsel, states as follows for its Answer to the Complaint filed against it by plaintiff John S. Shuff ("Plaintiff"):

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

### SECOND DEFENSE

1.      COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3.      COBUSANA denies the allegations in paragraph 3 of the Complaint to the extent they allege that COBUSANA "does business in West Virginia." COBUSANA admits the remaining allegations in paragraph 3 of the Complaint.

4.      COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies the same.

5.      COBUSANA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      COBUSANA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      COBUSANA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      COBUSANA denies the allegations in paragraph 9 of the Complaint.  By way of further response, COBUSANA states that it may have records of communications with Plaintiff.

10.     COBUSANA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11.     In response to the allegations in paragraph 11 of the Complaint, COBUSANA incorporates its responses in paragraphs 1 through 10 as if fully set forth herein.

12.     COBUSANA denies the allegations in paragraph 12 of the Complaint, including subparagraphs (a) through (d).

13.     COBUSANA denies the allegations in paragraph 13 of the Complaint.

14.     In response to the allegations in paragraph 14 of the Complaint, COBUSANA incorporates its responses in paragraphs 1 through 13 as if fully set forth herein.

15.     COBUSANA denies the allegations in paragraph 15 of the Complaint.

16.     COBUSANA denies the allegations in paragraph 16 of the Complaint.

17.     In response to the allegations in paragraph 17 of the Complaint, COBUSANA incorporates its responses in paragraphs 1 through 16 as if fully set forth herein.

18.     COBUSANA denies the allegations in paragraph 18 of the Complaint, including subparagraphs (a) through (f).

19.     COBUSANA denies the allegations in paragraph 19 of the Complaint.

20.     COBUSANA denies the allegations in paragraph 20 of the Complaint.

21.     In response to the allegations in paragraph 21 of the Complaint, COBUSANA incorporates its responses in paragraphs 1 through 20 as if fully set forth herein.

22.     COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     COBUSANA denies the allegations in paragraph 23 of the Complaint.

24.     COBUSANA denies the allegations in paragraph 24 of the Complaint.

25.     COBUSANA denies the allegation in paragraph 25 of the Complaint.

26.     COBUSANA denies each and every allegation not expressly admitted herein.

27.     COBUSANA denies Plaintiff is entitled to any relief requested in Plaintiff's *ad damnum* clause against COBUSANA.

28.     COBUSANA reserves the right to amend and supplement its answer or assert such additional responses and bring such other claims by way of counterclaim, cross-claim, or third-party claim or demand, as may be appropriate as additional facts become known.

## **THIRD DEFENSE**

To the extent found applicable by discovery, Plaintiff's claims, if any, may be barred by the doctrine of equitable estoppel, laches, or unclean hands.

## FOURTH DEFENSE

The matters of which Plaintiff complains were the direct result of acts or inactions of Plaintiff or third-parties.  The matters of which Plaintiff complains were not caused by any action or inaction on the part of COBUSANA.

## FIFTH DEFENSE

To the extent found applicable by discovery, Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

To the extent found applicable by discovery, Plaintiff has failed to mitigate Plaintiff's damages, if any.

## SEVENTH DEFENSE

COBUSANA denies that it caused Plaintiff to suffer any resulting injury.

## EIGHTH DEFENSE

COBUSANA reserves the right to assert claims against third-parties.

## NINTH DEFENSE

Any alleged violations of the West Virginia Consumer Credit Protection Act, even if applicable, were unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error and, therefore, no liability can be imposed under the West Virginia Consumer Credit Protection Act.

## TENTH DEFENSE

COBUSANA asserts the defense of setoff as to the amount of the indebtedness, if any, owed by Plaintiff to COBUSANA.

## ELEVENTH DEFENSE

Plaintiff's claims may be preempted in whole or in part by the National Bank Act, 12 U.S.C. §§ 1 *et seq.* or any other applicable federal law.

## TWELFTH DEFENSE

COBUSANA reserves the right to assert any additional affirmative defenses and matters in avoidance, including, but not limited to, those contained in Rules 8, 9, and 12 of the West Virginia Rules of Civil Procedure, those contained in the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 et seq., and any additional affirmative defenses and matters in avoidance which may be discovered during the course of additional investigation and discovery.

**WHEREFORE**, defendant Capital One Bank (USA), N.A., demands that the claims filed against it be dismissed, with prejudice, and that it be awarded any such other further relief as the Court deems appropriate.

**CAPITAL ONE BANK (USA), N.A.,**

**By Spilman Thomas & Battle, PLLC**

James S. Crockett, Jr. (WV Bar No. 9229)
Bruce M. Jacobs (WV Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV 25321
304.340.3800
304.340.3801 (facsimile)

5

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

        Plaintiff,

v.                                CIVIL ACTION NO. 10-C-989-H
                                     (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

## CERTIFICATE OF SERVICE

    I, Bruce M. Jacobs, counsel for Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Answer and Affirmative Defenses of Defendant Capital One Bank (USA), N.A.,** has been served upon counsel of record via regular U.S. Mail, First Class postage prepaid, this 20th day of December, 2010, and addressed to the following:

> Ralph C. Young, Esquire
> Christopher B. Frost, Esquire
> Hamilton, Burgess, Young & Pollard, PLLC
> P.O. Box 959
> Fayetteville, WV 25840
> *Counsel for Plaintiff*

                                         Bruce M. Jacobs (WV Bar No. 6333)

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

| | |
|---|---|
| PLAINTIFFS: **John S. Shuff**<br><br>DEFENDANTS: **Capital One Bank (USA), N.A.** | CASE NUMBER:   **10-C-989-H** |

**II.      TYPE OF CASE:**

| TORTS | OTHER CIVIL | |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional<br>   Malpractice | ☐ Contract | ☐ Petition for Modification of<br>   Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☒ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative<br>   Agency | |

**III.      JURY DEMAND** ☒ Yes ☐ No

·CASE WILL BE READY FOR TRIAL BY 12/2011:

**IV.      DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ Yes ☒ No

IF YES, PLEASE SPECIFY:

☐Wheelchair accessible hearing room and other facilities
☐Interpreter or other auxiliary aid for the hearing impaired
☐Reader or other auxiliary aid for the visually impaired
☐Spokesperson or other auxiliary aid for the speech impaired
☐Other: _____

---

*Attorney Name:*      *Bruce M. Jacobs, James S. Crockett, Jr.*
                      *and Angela L. Beblo*      *Representing: Capital One Bank (USA), N A*

*Firm: Spilman Thomas & Battle, PLLC*      ☐ *Plaintiff* ☒ *Defendant*

*Address: P. O. Box 273, Charleston WV 25321*      ☐ *Cross-Complainant* ☐ *Cross-Defendant*

*Telephone:      304/340-3800*      *Dated:      12/20/2010*

                                     _____
                                     Signature

☐ Pro Se

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

        Plaintiff,

v.                                      CIVIL ACTION NO. 10-C-989-H
                                      (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Capital One Bank (USA), N.A., do hereby certify that on December 20, 2010, I served **Defendant Capital One, N.A.'s First Set of Interrogatories and Requests for Production to Plaintiff** upon counsel of record via regular U.S. Mail addressed to the following:

Ralph C. Young, Esquire
Christopher B. Frost, Esquire
Hamilton, Burgess, Young & Pollard, PLLC
PO Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

Angela L. Beblo (WV State Bar #10345)

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**JOHN S. SHUFF,**

      **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 10-C-989 (H)**
                                               **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

      **Defendant.**

### CERTIFICATE OF SERVICE

    I, Angela L. Beblo, counsel for Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Defendant's Answers and Responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to Defendant,** has been served upon counsel of record via regular U.S. Mail, First Class postage prepaid, this 3rd day of January, 2011, and addressed to the following:

                Ralph C. Young, Esquire
                Christopher B. Frost, Esquire
                Hamilton, Burgess, Young & Pollard, PLLC
                P.O. Box 959
                Fayetteville, WV 25840
                *Counsel for Plaintiff*

                Angela L. Beblo (WV Bar No. 10345)

#2526374

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO.  10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT

## NOTICE OF TELEPHONIC SCHEDULING CONFERENCE

TO:   **Capital One Bank (USA), N.A.**
      **% Angela L. Beblo, Esq.**
      **SPILMAN THOMAS & BATTLE, PLLC**
      **P. O. Box 273**
      **Charleston, WV  25321**

You will please take notice that on **Wednesday, January 19, 2011, at 9:30 a.m.,** or as soon thereafter as the matter may be heard, the undersigned will conduct a **Telephonic Scheduling Conference** with the Honorable John A. Hutchison, Judge of the Circuit Court of Raleigh County, Beckley, West Virginia.

**JOHN S. SHUFF**
**BY COUNSEL**

HAMILTON, BURGESS, YOUNG
     & POLLARD, *pllc*

BY:   _____
      Ralph C. Young *(WV Bar #4176)*
      Christopher B. Frost  *(WV Bar #9411)*
      *Counsel for Plaintiff*
      P O Box 959
      Fayetteville, WV  25840
      (304) 574-2727

[F:\CM\18389\18389NOTICE TSC CertServ.WPD]

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER B. FROST**, counsel for Plaintiff, do hereby certify that a copy of

the **NOTICE OF TELEPHONIC SCHEDULING CONFERENCE** was served upon

counsel of record in the above cause by enclosing the same in an envelope addressed to

said counsel of record at the business address disclosed in the pleadings of record herein

as follows:

> **Angela L. Beblo, Esq.**
> **SPILMAN THOMAS & BATTLE, PLLC**
> **P. O. Box 273**
> **Charleston, WV 25321**

the same being the last known address with postage fully paid and depositing said

envelope in the U. S. Mail on the 11th day of January, 2011.

_____

**CHRISTOPHER B. FROST**

Case 5:11-cv-00672   Document 1-2   Filed 09/28/11   Page 28 of 127 PageID #: 38

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

    Plaintiff,

v.

              Civil Action No. 10-C-989-H

CAPITAL ONE BANK, N.A.,

    Defendant.

## SCHEDULING ORDER

The following shall apply to and govern the above-captioned action and activities conducted in connection with it.  The parties may not amend, modify or adjust any provision of this Order except by leave of Court.

1. Trial Date:      **April 24, 2012**    Time: 9:00 a.m.

2. Pretrial Conference Date: **April 16, 2012**    Time: 10:00 a.m.

**(Instructions and Verdict Form due at Pre-Trial -- please file hard copy along with a CD containing the information to the Judge)**

**Both the plaintiff and defendant shall complete the pretrial information sheet and physically exchange it within twenty-four (24) hours of the pretrial conference.  Copies should be delivered to the Judge's office the day before the pretrial conference.**

3. Discovery completed on or before:  **February 17, 2012**

4. Dispositive Motions to be filed by:  **March 9, 2012**

5. Plaintiffs to identify expert witnesses by: **September 23, 2011**

6. Defendants to identify expert witnesses by: **October 21, 2011**

7. All parties to identify fact witnesses by: **April 29, 2011**

8. All independent medical examinations, physical or scientific tests or similar examinations, tests or studies shall be concluded by, and all reports and/or Rule 26 information transferred by:     **n/a**

9. Third-party complaints to be filed and served on or before: **n/a**

10. Estimated length of trial: **2 days**      Jury or non-jury: **JURY**

## MEDIATION AND SETTLEMENT CONFERENCE RULES

I am convinced that most attorneys and clients would like to settle their civil cases, big or small, if a fair compromise can be worked out. I am also convinced that a jury trial is a gamble to both sides.

Accordingly, I am requiring mediation to occur in all civil cases unless, after motion and hearing, good cause can be shown for waiving the mediation requirement. Rule 25 of the Trial Court Rules shall govern mediation.

Scheduling of mediation will occur at least thirty (30) days prior to trial. All individual parties to the suit will be required to be present on the Courthouse premises. All corporate parties and insurers will have to be available in person. Negotiating parties shall not be restricted as to authority to settle. Each attorney will be expected to proffer a brief summary of his or her side of the case. Copies of all deposition transcripts shall be made available for review, on the spot, by the mediator, should a dispute as to testimony arise. Copies of pertinent reports and any applicable medical bills or other evidence of expense shall be presented for review. Lawyer bravado should be left outside, and a cooperative spirit should be exhibited in its stead in an effort to discuss the pro's and con's of the case under consideration.

Obviously, there are some cases that are simply "unsettleable" because of contested issues that completely permeate the case. However, as you know, all cases generally have some settlement value.

Should you have any questions, whatsoever, about the mechanics of these conferences, please do not hesitate to contact me.

**ORDERED** this the 19th day of January, 2011.

_____
John A. Hutchison, Circuit Judge

**IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA**

**JOHN S. SHUFF,**

        **Plaintiff,**

**v.**

**CAPITAL ONE BANK (USA), N.A.,**

        **Defendant.**

**CIVIL ACTION NO. 10-C-989-H**
**(Judge John A. Hutchison)**

### NOTICE OF DEPOSITION OF PLAINTIFF

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that defendant Capital One Bank (USA), N.A., by counsel, will take the testimony of plaintiff, **John S. Shuff,** on **Thursday, April 28, 2011** beginning at **9:30 a.m.** at the offices of Hamilton Burgess Young & Pollard, PLLC, Maple Lane, Fayetteville, West Virginia 25840, before an officer duly authorized by law to administer oaths. The foregoing deposition will be taken upon oral examination for discovery and evidentiary purposes, or both, and the same will continue from day to day until completed. You are invited to attend.

                                   **CAPITAL ONE BANK (USA), N.A.**

                                   **By: Spilman Thomas & Battle, PLLC**

                                   Bruce M. Jacobs (WV State Bar # 6663)
                                   Angela L. Beblo (WV State Bar # 10345)
                                   300 Kanawha Boulevard, East (ZIP 25301)
                                   P.O. Box 273
                                   Charleston, WV  25321
                                   304.340.3800/304.340.3801 (*facsimile*)

**IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA**

**JOHN S. SHUFF,**

       **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 10-C-989-H**
                                                         **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

     **Defendant.**

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Notice of Deposition of Plaintiff** has been served upon counsel of record via regular U.S. Mail, this _11_ day of January, 2011, addressed to the following:

Ralph C. Young, Esquire
Christopher B. Frost, Esquire
Hamilton, Burgess, Young & Pollard, PLLC
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

Angela L. Beblo (WVSB #10345)

#2578982

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                        PLAINTIFF

V.                                                   CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                        DEFENDANT

## CERTIFICATE OF SERVICE

I, STEVEN R. BROADWATER, JR., counsel for the plaintiff do hereby certify that a

copy of the PLAINTIFF'S RESPONSES TO DEFENDANT CAPITAL ONE BANK USA, N.A.'S

FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION was served upon

counsel of record in the above cause by enclosing the same in an envelope addressed to

said attorney at the business address as disclosed in the pleadings of record herein as

follows:

> James S. Crockett, Jr.
> Bruce M. Jacobs
> Angela L. Beblo
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV 25321

the same being the last known address with postage fully paid and depositing said

envelope in the United States Mail on the 16th day of February, 2011.

STEVEN R. BROADWATER, JR.

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN SHUFF,                                      PLAINTIFF

V.                                               CIVIL ACTION NO. 10-C- (H)

CAPITAL ONE BANK (USA),                          DEFENDANT

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## FOR 77 VIOLATIONS OF *WEST VIRGINIA CODE* §46A-2-128(e)

### STATEMENT OF FACTS

1)      On September 16, 2010, Plaintiff's wife received a telephone call from a Capital One representative named "Jim" regarding collection efforts upon his Capital One account ending in 7028. The representative, "Jim", was given the name and telephone number of Mr. Shuff's attorney. Mrs. Shuff again provided her husband's attorney information on September 24, 2010, at 6:15 p.m. when Capital One employee, "Pat", called for Mr. Shuff on his account ending in 6902. [EXHIBIT 1, Mrs. Shuff's Affidavit; EXHIBIT 2, Plaintiff's call logs].

2)      Plaintiff's telephone records show the attorney information was also provided to "Natasha" on October 16, 2010, at 8:34 a.m.; "Virgil" on October 13, 2010, at 8:12 a.m.; Brian that same day at 10:20 a.m.; "Angela" that same day at 4:11 p.m.; "Angie" on October 14, 2010, at 5:20 p.m.; "Terrell" that same day at 8:31 p.m.; and other Capital One employees on at least ten other occasions.

3)      After September 16, 2010, when Capital One was first advised that Mr. Shuff was represented by an attorney, Mr. Shuff's records show 68 calls to his home

or cell phone.

4)     Capital One's answer to Plaintiff's Interrogatory No. 1 shows 69 calls from October 20, 2010 through December 6, 2010 [**EXHIBIT 3**, Defendant's response to Plaintiff's Interrogatory No. 1].

5)     Capital One did not provide records or an interrogatory response for the period from September 16, 2010 through October 19, 2010. Mr Shuff's records show 8 calls during this period, for a total of 77 calls after it appeared Mr. Shuff was represented by an attorney.

## APPLICABLE LAW

*West Virginia Code* §46A-2-128(e) prohibits:

> Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

Further, *West Virginia Code* §46A-5-101(1) provides a remedy for violations of the *West Virginia Consumer Credit and Protection Act*:

> If a creditor has violated the provisions of this chapter applying to... any prohibited debt collection practice... the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars.

The statutory penalties provided by *West Virginia Code* §46A-5-101(1) in the amount of not less than $100 nor more than $1,000 are increased for inflation

pursuant to *West Virginia Code* §46A-5-106. As adjusted for inflation, the statutory penalties are not less than $432.24 nor more than $4,322.35 per violation[1]. Further, pursuant to *West Virginia Code* §§46A-5-104, Plaintiff is entitled to recover his attorney fees and court costs.

### CONCLUSION

There is no issue as to any material fact that Defendant violated *West Virginia Code* §46A-2-128(e) by continuing to communicate with the Plaintiff after it appeared the Plaintiff, Mr. Shuff, was represented by an attorney and the attorney's name and telephone number were known. This fact is uncontroverted. As such, Plaintiff is entitled to judgment for liability for the 77 violations of the *West Virginia Consumer Credit and Protection Act* which occurred from September 16, 2010, through December 6, 2010.

**JOHN SHUFF**

**BY COUNSEL**

---

[1] As calculated per the October, 2010, Consumer Price Index of 218.711.

*Page 3 of 4*          [F:\CM\18389\18389MOTION SummJudg.WPD]

HAMILTON, BURGESS, YOUNG
   & POLLARD, *pllc*

BY: _____
   Ralph C. Young  *(W. Va. Bar #4176)*
   Christopher B. Frost  *(W. Va. Bar #9411)*
   Steven R. Broadwater, Jr.  *(W. Va. Bar #11355)*
   *Counsel for Plaintiff*
   P. O. Box 959
   Fayetteville, WV 25840
   304-574-2727

[F:\CM\18389\18389MOTION SummJudg.WPD]

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                          PLAINTIFF

V.                                      CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,           DEFENDANT

### AFFIDAVIT OF MONA R. SHUFF

STATE OF WEST VIRGINIA,
COUNTY OF FAYETTE, TO-WIT:

I, **MONA R. SHUFF**, being first duly sworn states upon her oath says as follows:

1.      On September 16, 2010, at approximately 9:10 a.m., I received a telephone call from a collector who identified himself as "Jim", calling on behalf of Capital One concerning my husband's account ending in 7028.  Later that day, I received a telephone call from a Capital One collector named "Pat", calling on behalf of my husband's account ending in 6902.

2.      I provided both "Jim" and "Pat" with the name and telephone number of my husband's lawyer, Lynn Pollard, 304-574-2727.

3.      I accurately recorded all telephone calls from Capital One on the call logs attached to this motion as Exhibit 2.

4.      I have read the factual allegations set forth in this motion and they are true and correct.

Further the affiant saith naught.

F:\CM\18389\18389AFF Mona.WPD

## EXHIBIT 1

_Mona R. Shuff_
**MONA R. SHUFF**

Taken, subscribed and sworn to before the undersigned authority in and for the County and State aforesaid, this the _2nd_ day of _March_, 2011, by **MONA R. SHUFF.**

_Bonnie Tompkins_
**NOTARY PUBLIC**

_July 31, 2016_

My commission expires:



OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
BONNIE TOMPKINS
498 LEGG LOOP ROAD
HICO, WV 26854
My Commission Expires July 31, 2016

F:\CM\18389\18389AFF Mona.WPD

## CREDITOR CALL LOG

Moore Sheriff

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 800-550-3978 | Benficial | | Aug 31st | 6:58 pm | |
| 800 550 3978 | Benficial | | Sept 1st | 8:43 am | |
| 900-550 3978 | Benficial | | Sept 1st | 1:00 pm | |
| 900 550 3478 | Benficial | Mary Bell | Sept 2nd | 5:53 pm | |
| 501 716 5600 | | | Sept 4th | 11:15 am | |
| 813 374 1892 | Capital One 70x0 | (John) | Sept 16th | 9:10 am | |
| 813 374 1892 | Capital one | Pat | Sept 24th | 6:15 pm | |
| 800-550-3978 | Benficial | | Sept 25th | 8:15 pm | |
| 813 374 1837 | Capital one | | Sept 25th | 4:00 | |
| 800 550 0398 | Benficial | | Sept 26th | 11:00 | |
| 900-550 3978 | Benficial | | Sept 26th | 9:40 | |
| 800 550 3978 | Benficial | | Sept 26th | 7:91 pm | |
| 813 550 3978 | Benficial | Diane | Sept 26th | 8:19 am | |
| 800 550 3978 | Benficial | | Sept 27th | 6:46 pm | |
| 800 550 3978 | Benficial | | Sept 27th | 8:12 pm | |

EXHIBIT 2

## CREDITOR CALL LOG

PLEASE PRINT YOUR NAME

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 800 550 3978 | Beaufield | Alix | 10-5-10 | | ask to call at again potential 804/544 0707 until 5 hours of when Bankruptcy is said called + gave at name and number wanted to know what Bankruptcy not said call after |
| 800 550 3079 | Beaufield | Roger | 10-13-10 | 8:50 am | gave attorneys not said call attorney |
| 866-909 5366 | Capital One | Nathan | 10-16-10 | 8:54 am | gave attorneys + told him to call att |
| 800 550 3079 | Beaufield | | 10-20-10 | 9:25 am | hung up did not get to service Tone |
| 866 381 6453 | Capital One | | 10-22-10 | 6:24 pm | hung up before I could answer |
| 866 909 5300 | Capital One | Twlight | 10 23 10 | 8:18 am | call me ask tld them to call at 3rd time gave # more address to someone call att |
| 800 365 6528 | Beaufield | Ben | 10 23 10 | 9:20 am | wanted John to address more said he would call back he said call him att |
| 860 365 6528 | Beaufield | | 10 23 10 | 9:31 am | wouldn't leave on callers ID |
| 860 365 6528 | Beaufield | | 10 23 10 | 11:40 | hung up before I could answer |
| 800 365 6528 | Beaufield | | 10-23-10 | 4:01 | att did said no busy |
| 800 365 6528 | Beaufield | John Paul | 10-23-10 | 7:39 pm | wanted to send direct bankruptcy said did you want me to give it to him again "New Call Reps |
| 866 909 530 | Capital One | | 10-24-10 | 9:12 am | was asleep could not answer in time |
| 503 209 2334 | Capital One | Aaron | 10 25-10 | 8:12 am | asked for John tld them to call att |
| 503 209 2334 | Capital One | Brian | 10-25-10 | 10 20 am | told them to call att phone |
| 800 955 6600 | Capital One | | 10 25-10 | 2:13 pm | New Calls phone |
| 800 955 6600 | Capital One | angela | 10 25-10 | 4:11 pm | tld them to call att at 304 624-2727 asked for John ask to & un-skuny man on out |
| 800 755 5152 | Professional Account | Barbara | 10-26-10 | 9:52 am | said she had to get it and John |

## CREDITOR CALL LOG

PLEASE PRINT YOUR NAME

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 800 550 3278 | Benefield | | Oct 5 | | hung up |
| 800 550 3278 | Benefield | | 10-6-10 | 9:13 am | hung up |
| 800 550 3278 | Benefield | | 10-6-10 | 10:52 | hung up |
| 800 550 3078 | Benefield | | 10-6-10 | 6:49 pm | want Telephone hung up |
| 910 550 3278 | Benefield | Sharon | 10-6-10 | 7:39 | told her ask to stop all abusive & accidental couldn't anymore wanted payment |
| 800 550 3278 | Benefield | Sophia | 10-7-10 | | said her no calls about payment arrangement |
| 800 55 6 3278 | Benefield | | 10-8-10 | 8:16 am | ask to speak to John hung up |
| 800 550 3270 | Benefield | A. Love | 10-8-10 | 11:05 am | asked for John tell him to call Shon |
| 800 550 3278 | Benefield | | 10-8-10 | 5:09 | hung up |
| 1-800-333-4758 | Benefield 0 | E. Carter | 10-9-10 | 8:01 pm | Told him to talk to Shon said no here to help John |
| 734 409 8361 | Capital One | | 10-9-10 | 1:43 | Told John I told to Shon |
| 940 335 4758 | Benefield | Betty | 11-9-10 | 5:39 | she said that wouldn't talk John to call Shon said she would talk to Shon |
| 940 333 4758 | Benefield | Olivia | 10-10-10 | 10:50 am | she said she would tell them what I owe told all she would have to tell them what is in writing for each payment to call & Shon call all and call don't tell you |
| 800 833 4758 | Benefield | Shareese | 10-10-10 | 1:07 pm | she can't call Shon has to call SHAREESE |
| 700 955-0600 | Capital One | constant unsolicited | 10-9-10 | 11:43 | was told calls to Shon |
| 800 550 3270 | Benefield | | 10-12-10 | 8:30 | wanted to know why they can't to Sharon |
| 1-400 346 7556 | Benefield | Brenda Wayne | 10-13-10 | 8:30 | hang up Sen |

## CREDITOR CALL LOG

_Arthur Brooff_  (PLEASE PRINT YOUR NAME)

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 800 846 7510 | Benefield | Beverley | 10-13-10 | 9:31 am | Can't Talk to Steve now to talk to John |
| 200 846 7510 | Benefield | — Jan etc | 10-13-10 | 7:05 pm | asked for John hung up |
| 866 929 5307 | Capital One | 1 | 10-14-10 | 11:26 am | hung up |
| 866 989 5307 | Capital One | Angie | 10-14-10 | 5:30 pm | Said she was going to tell John paymnt in cal her to cal pay paymnt in |
| 505 209 2534 | Capital One | Jerrell | 10-14-10 | 8:31 pm | said she was not on acct |
| 866 929 5306 | Capital One | Jeannie | 10-20-10 | 9:01 | Told him to call Larry said staying not to call him |
| 800 365 6509 | Benefield | | 10-20-10 | 12:47 pm | M Caller Id was not home |
| 866 929 5306 | Capital One | Kelly | 10-20-10 | 3:49 pm | ask for John please call off |
| 866 365 6598 | Benefield | Loraetta | 10-20-10 | 7:41 | John told him to call Larry |
| 866 409 5306 | Capital One | Mayshawn | 10-20-10 | 7:55 | order and asked me when to call Larry |
| 860 365 6528 | Benefield | Ellison | 10-21-10 | 8:34 | Call Mrs's cell phone ask to speak to |
| 800 955 6600 | Capital One | | 10-21-10 | 8:39 | John then hung up |
| 900 955 6600 | Capital One | Maz | 10-21-10 | 10:48 | call off to Van dont know |
| 860 365 6528 | Benefield | MR Khell | 10-21-10 | 12:42 pm | said he was calling Jont knows whoes |
| 866 381 0453 | Capital One | | 10-22-10 | 9:57 | was not home |
| 866 381 0453 | Capital One | | 10-20-10 | 11:39 | Called asked you in ok |
| 866 361 0453 | Capital One | Sonda | 10-22-10 | 3:21 | Left message to Call |
| 8 66381 0453 | Capital One | | | 5:14 | |

## CREDITOR CALL LOG

*[Signature]* — PLEASE PRINT YOUR NAME

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 866 423 4403 | Capital One | Kelly | 10-26-10 | 3:06 pm | wanted father + said call back later said: need to talk to John |
| 866 403 4603 | Capital One | | 10-26-10 | 4:13 | no caller id'd |
| 866 423 4603 | Capital One | Chris | 10-26-10 | 5:22 | took my call and wanted they wanted father to call |
| 866 381-0453 | Capital One | Sonya | 10-31-10 | 8:16 am | wanted father wants to speak to father and wanted me to relay a message to call |
| 866 3810453 | Capital One | Madeline | 10-31-10 | 10:15 am | she said she was from 3rd party (but fomc claims she was from capital one) and said she wants to leave message for me and wanted me to give message |
| 805 944-0594 | Capital One | | 11-1-10 | 8:10 am | was asked did not answer phone in time |
| 905 944 0956 | Capital One | Sean? | 11-1-10 | 9:53 | wanted SS or other # Bobby (said ?) to know nothing 3rd party |
| 3 66 923 5306 | Capital One | | 11-6-10 | 9:13 am | didn't make it to phone in time |
| 866 929 5306 | Capital One | William | 11-6-10 | 10:50 | said he would not talk long w/ from one had to talk to father |
| 951-8143 3303 | Capital One | Sonya | 11-6-10 | 12:49 pm | wanted to talk to father wanted to talk to father she is not my aunt nothing to give here for number |
| 866 381 0453 | Capital One | | 11-11-10 | 8:49 am | ID |
| 866-3810453 | Capital One | | 11-11-10 | 11:18 am | ID |
| 866 3810453 | Capital One | John | 11-11-10 | 5:24 | told him to call me at 304 574-2727 was said he plays phone games, was are not John that games at me |
| 215 972 7303 | Capital One | Susan | 11-12-10 | 8:41 am | told her to call at # 304 said plays phone games |
| 866-381 0453 | Capital One | | 11-12-10 | 1:17 pm | ID |
| 866 381 0453 | Capital One | Christy | 11-12-10 | 5:13 pm | told her to call me at 304-574-2727 |
| 866-929 5306 | Capital One | William ! | 11-13 | 9:36 | told her to call me at 304 574-2727 |
| 309 327 5441 | Capital One | Karen | 11-13 | 12:07 pm | |
| 369 827 5401 | Capital One | Christina | 11-13 | 1:30 pm | told me to call me at 304-574-2727 |

## CREDITOR CALL LOG

PLEASE PRINT YOUR NAME

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 559-332-2206 | Cap 1 one | Katrenetta? | 11-14-10 | 9:48 | Bad # wants call act 201-574-3707 |
| 805-964-6386 | Capit1 one | | 11-15 | 8:47 | Tried to no avail |
| 805-964-6834 | Capital one | | 11-15 | 10:20 | |
| 805-964-6386 | Cap 1 one | Russell | 11-15 | 11:13 | Told them To call act at 201-574-3707 |
| 800-955-6600 | Cap 1 one | | 11-15 | | |
| 800-955-6600 | Capital one | Kim | 11-15 | 4:48 | Ref. me to call them at the said rate and I told them to contact attorney to said rate |
| 866-581-6453 | Capital one | | 11-16 | 8:08 pm | I D |
| 866-929-5306 | Capital one | | 11-17 | 8:34 am | I D |
| 866-929-5306 | Capital one | Jeanette | 11-17 | 10:59 | Went to forward on 855-855 and can over act will see later to see if they have me back |
| 866-929-5306 | Capital one | | 11-10 | 2:19 | I D |
| 864-981-5306 | Cap 1 one | Lee | 11-19 | 5:14 | Spoke to Lee to account Told her you owe and to call her 972-875-3737 (gave her bad #) |
| 559-830-0306 | Cap 1 one | Mike | 11-22 | 9:20 am | only act. Will only take act me talk filing bankruptcy |
| 866-929-5307 | Capital one | | 11-27 | 8:46 am | |
| 866-929-5307 | Cap 1 one | | 11-28 | 9:08 | I D |
| 866-929-5307 | Cap 1 one | Brian | 11-28 | 11:08 | Want to pay act said call busy again and again had to make paying of $80 |
| 866-929-5307 | Cap 1 one | Leroy | 11-29 | 9:35 am | gave act number said didn't forward by me |
| 866-929-5307 | Cap 1 one | | 11-29 | 10:30 am | I D |
| 866-929-5307 | Cap 1 one | | 11-29 | 1:14 pm | I D |
| 800-929-5307 Capital one | | Stephanie | 11-29 | 4:29 | I D |
| 5 62-483-7846. Capital one | | | 11-29 | 6:42 | |

they wanted to know if this is a direct # our bus. number, ie told them no credit card if you our bus. number

## CREDITOR CALL LOG

John Shuff
PLEASE PRINT YOUR NAME

| Telephone # | Creditor | Caller's Name | Date | Time | Comments |
|---|---|---|---|---|---|
| 1-800 955 6600 | Cap Tal One | " | Sept 14 | 9:49 am | says call to maranah carhead answered it |
| 1-800 955 6600 | Capital One | " | Sept 16 | 3:42 pm | " |
| 1-800 955 6600 | Cap Tal One | Tray | Sept 24 th | 1:56 pm | " |
| 1-800 550 3078 | Benificial | " | Sept 29 th | 7:30 pm | try to call down to te bangrs and I had to told him what it was about |
| 1-800 550 3078 | Benificial | " | Oct 4th | 7:30 am | ask to spea to john hungup |
| 1-800 550 3078 | Benificial | Priscilla | Oct 4th | 10:50 am | call lawyer said call to john |
| 954 529 4971 | Cap Tal One | Sarah | Oct 4th | 11:05 am | wanted to know about bankruptcy |
| 1-800 955 6600 | Capital One | " | Oct 4th | 2:55 pm | |
| 1-800 550 3078 | Benificial | Denise | Oct 5th | 8:28 pm | |
| 1-800 550 3078 | Benifis | " | Oct 5th | 8:20 am | spoke with I said think long I they said they wanted |
| 1-800 550 3078 | Benificial | Dianne | Oct 5th | 10:48 am | told te checking ins told te tell them if I was about bankruptcy or not |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Request for Production No. 3:**     Please produce all recordings of conversations between the Plaintiff(s) or Plaintiff's counsel and employees or agents of the Defendant.

**RESPONSE:** COBUSANA states that is believes it does have recordings responsive to this request. COBUSANA is still obtaining copies of these recordings and will supplement this request upon receipt.

## INTERROGATORIES

**Interrogatory No. 1:** For the period beginning one year prior to the filing of this suit, list each telephone call placed by or on behalf of Defendant to Plaintiff or Plaintiffs, and as to each such call provide the following data: (Note: The word "placed," as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

  a.  The date and time such call was placed (please indicate the time zone and/or the differential in time between the time stated and Eastern Standard Time);

  b.  The duration of such telephone call in seconds;

  c.  Whether such phone call was placed by computer or a person. If placed by a person, indicate the full name of such person and his or her employee ID or code as it would appear on entries made upon any record of such telephone calls or conversations;

  d.  A verbatim recitation of any note or account created with respect to each call and, if short hand abbreviations or code are used in such verbatim recitation, please provide the actual words or meanings indicated by the short hand, code or abbreviations;

  e.  Whether such telephone call was recorded, and if so, whether the recording still exists; and

  f.  If the telephone call was recorded but the recording of such telephone call no longer exists, state when the recording was erased or destroyed, why it was erased or destroyed, and by whom.

**ANSWER:**     COBUSANA refers Plaintiff to the attached Exhibit A for information that is sought by subsections (a), (b), and (d) and further states in response to subsection (a) that the time indicated is Eastern Standard military time. In response to (c), COBUSANA states that these calls were made by an electronic telephone system. As to subsections (e) and (f), COBUSANA states that has recordings of some telephone calls with Plaintiff and that those recordings have not been erased or destroyed.

**EXHIBIT 3**

**ANSWER:**   COBUSANA states that it received attorney representation information for account 6902 on November 29, 2010, during a telephone conversation with Plaintiff. COBUSANA states that it received attorney representation information for account 7028 on October 4, 2010, during a telephone conversation with Plaintiff.

**Interrogatory No. 4:** Does the Defendant have any recordings of conversations between its employees and Plaintiff or Plaintiffs, or his/her/their counsel?  If so, please identify by date and time all such recorded conversations.

**ANSWER:**   Yes.  COBUSANA states that it has the following recordings of calls with Plaintiff: October 26, 2010 at 5:23 PM, October 31, 2010 at 10:15 AM, November 1, 2010 at 9:52 AM, November 6, 2010 at 10:51 AM, November 6, 2010 at 12:48 PM, November 11, 2010 at 3:25 PM, November 12, 2010 at 3:13 PM, November 12, 2010 at 8:42 AM, November 13, 2010 at 12:08 PM, November 13, 2010 at 1:39 PM, November 13, 2010 at 8:31 AM, November 14, 2010 at 9:50 AM, November 15, 2010 at 11:14 AM, November 15, 2010 at 5:49 PM, November 17, 2010 at 12:00 PM, and November 17, 2010 at 5:16 PM.

**Interrogatory No. 5:** Did this Defendant assert the *bona fide* error defense set forth in *West Virginia Code* §46A-5-101(8) in any other litigation in a West Virginia state court or a West Virginia federal court in the last five years?  If so, provide:
      a.     The style of the case;
      b.     The case number; and
      c.     Describe the document in which such defense was asserted.

**ANSWER:**   This request is not limited to Plaintiff's claims against COBUSANA or calls made by COBUSANA to Plaintiff.  Nor do claims or defenses in other cases have any bearing on Plaintiff's claims.  Consequently, it is overbroad and "not reasonably calculated to lead to the discovery of admissible evidence," as required by Rule 26(b)(1) of the West Virginia Rules of Civil Procedure.

**Account Ending 6902**

| Date | Time | Duration | Notes | Person |
|---|---|---|---|---|
| 10/20/2010 | 9:02 AM | 48 | 1 Abrupt Hangup | |
| 10/21/2010 | 10:50 AM | 133 | 2 Abrupt Hangup | |
| 10/21/2010 | 8:39 AM | 22 | 3 Left No Message | |
| 10/22/2010 | 11:39 AM | 34 | 4 Answer | |
| 10/22/2010 | 3:22 PM | 39 | 5 Answer | |
| 10/22/2010 | 5:15 PM | 39 | 6 Answer | |
| 10/22/2010 | 6:29 PM | 25 | 7 Left Message | |
| 10/22/2010 | 1:43 PM | 55 | 8 Left No Message | |
| 10/22/2010 | 8:58 AM | 61 | 9 Virtual message to autovoice | |
| 10/23/2010 | 8:16 AM | 107 | 10 Abrupt Hangup | |
| 10/24/2010 | 8:12 AM | 27 | 11 Answer | |
| 10/25/2010 | 2:13 PM | 28 | 12 Answer | |
| 10/25/2010 | 10:21 AM | 41 | 13 Left Message | |
| 10/25/2010 | 4:12 PM | 67 | 14 Left Message | |
| 10/25/2010 | 8:13 AM | 41 | 15 Left No Message | |
| 10/26/2010 | 8:57 AM | 15 | 16 Answer | |
| 10/26/2010 | 4:14 PM | 40 | 17 Left No Message | |
| 10/26/2010 | 2:06 PM | 57 | 18 Left No Message | |
| 10/26/2010 | 10:58 AM | 62 | 19 No answer | |
| 10/26/2010 | 5:25 PM | 159 | 20 Outbound Right Party | |
| 10/31/2010 | 10:17 AM | 94 | 21 Left Message | |
| 10/31/2010 | 8:17 AM | 48 | 22 Left No Messag | |
| 11/1/2010 | 9:55 AM | 159 | 23 Outbound Right Party | |
| 11/1/2010 | 8:11 AM | 60 | 24 Virtual message to autovoice | |
| 11/6/2010 | 9:14 AM | 37 | 25 Answering machine | |
| 11/6/2010 | 8:14 AM | 44 | 26 Answering machine | |
| 11/6/2010 | 10:52 AM | 96 | 27 Left No Message | |
| 11/6/2010 | 12:50 PM | 108 | 28 Outbound Right Party | |
| 11/11/2010 | 3:26 PM | 84 | 29 Left Message | |
| 11/11/2010 | 8:51 AM | 62 | 30 No answer | |
| 11/11/2010 | 11:20 AM | 63 | 31 No answer | |
| 11/12/2010 | 1:19 PM | 31 | 32 Answering machine | |
| 11/12/2010 | 3:13 PM | 70 | 33 Left Message | |
| 11/12/2010 | 8:43 AM | 89 | 34 Left Message | |
| 11/13/2010 | 1:40 PM | 89 | 35 Left Message | |
| 11/13/2010 | 8:32 AM | 50 | 36 Left No Message | |
| 11/13/2010 | 12:08 PM | 53 | 37 Left No Message | |
| 11/14/2010 | 9:50 AM | 56 | 38 Left Message | |
| 11/15/2010 | 3:11 PM | 33 | 39 Answering machine | |
| 11/15/2010 | 10:22 AM | 35 | 40 Answering machine | |



11/15/2010  11:15 AM   83      41 Left Message
11/15/2010  4:49 PM    57      42 Left Message
11/15/2010  8:49 AM    47      43 Virtual message to autovoice
11/16/2010  8:09 AM    42      44 Abrupt Hangup
11/17/2010  8:36 AM    34      45 Answering machine
11/17/2010  2:20 PM    36      46 Answering machine
11/17/2010  5:17 PM    101     47 Left Message
11/17/2010  11:01 AM   70      48 Left No Messag
11/22/2010  9:23 AM    106     49 Outbound Right Party
11/28/2010  9:09 AM    35      50 Answering machine
11/28/2010  11:10 AM   51      51 Left Message with Third
11/29/2010  4:30 PM    33      52 Answering machine
11/29/2010  1:15 PM    34      53 Answering machine
11/29/2010  10:31 AM   35      54 Answering machine
11/29/2010  8:36 AM    127     55 Left No Message
11/29/2010  2:49 PM    74      56 Left No Message
11/29/2010  6:45 PM    126     57 Outbound Right Party
12/4/2010   10:27 AM   48      58 Left Message with Third
12/4/2010   8:30 AM    48      59 Left No Message
12/5/2010   10:24 AM   36      60 Answering machine
12/5/2010   8:38 AM    31      61 Answering machine
12/5/2010   11:27 AM   36      62 Answering machine
12/5/2010   12:13 PM   76      63 Left Message with Third
12/6/2010   3:25 PM    33      64 Answering machine
12/6/2010   8:35 AM    34      65 Answering machine
12/6/2010   11:17 AM   58      66 Left No Message
12/6/2010   10:27 AM   139     67 Left No Message
12/6/2010   12:46 PM   101     68 Left No Message
12/6/2010   2:19 PM    39      69 Left No Message



IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                               CIVIL ACTION NO.  10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                    DEFENDANT

## CERTIFICATE OF SERVICE

I, RALPH C. YOUNG, counsel for Plaintiff, do hereby certify that a copy of the

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR 77 VIOLATIONS OF

WEST VIRGINIA CODE §46A-2-128(E) was served upon counsel of record in the

above cause by enclosing the same in an envelope addressed to said counsel of record

at the business address disclosed in the pleadings of record herein as follows:

> Angela L. Beblo, Esq.
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV  25321

the same being the last known address with postage fully paid and depositing said

envelope in the U. S. Mail on the 2nd day of March, 2011.

RALPH C. YOUNG

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                              PLAINTIFF

V.                                          CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,               DEFENDANT

## NOTICE OF MOTION

TO:   Defendant Capital One Bank (USA), N.A.
      % Angela L. Beblo, Esq.
      SPILMAN THOMAS & BATTLE, PLLC
      P. O. Box 273
      Charleston, WV 25321

Please take notice that the undersigned will appear before Honorable John A. Hutchison,

Judge of the Circuit Court of Raleigh County, in his chambers at the Courthouse in Raleigh County,

Beckley, West Virginia, on the **29th day of April, 2011, at 11:00 a.m.**, or as soon thereafter as

the matter may be heard, at which time the undersigned will bring this matter on for hearing upon the

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR 77 VIOLATIONS OF WEST**

**VIRGINIA CODE §46A-2-128(E)** previously filed.

You may appear and defend your interests if you care to do so.

                                    **JOHN S. SHUFF**
                                    BY COUNSEL

HAMILTON, BURGESS, YOUNG
      & POLLARD, *pllc*

BY: _____
      Ralph C. Young   *(WV Bar No. 4176)*
      Christopher B. Frost   *(WV Bar No. 9411)*
      Steven R. Broadwater, Jr.   *(WV Bar No. 11355)*
      *Counsel for Plaintiff*
      P O Box 959
      Fayetteville, WV 25840
      (304) 574-2727

[F:\CM\18389\18389NOTICE HearingMSJ.WPD]

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                    PLAINTIFF

V.                                                CIVIL ACTION NO.  10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                     DEFENDANT


## CERTIFICATE OF SERVICE

I, RALPH C. YOUNG, counsel for Plaintiff, do hereby certify that a copy of the

NOTICE OF MOTION for Plaintiff's Motion for Partial Summary Judgment for 77

Violations of *West Virginia Code* §46A-2-128(E) was served upon counsel of record

in the above cause by enclosing the same in an envelope addressed to said counsel of

record at the business address disclosed in the pleadings of record herein as follows:

> Angela L. Beblo, Esq.
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV  25321

the same being the last known address with postage fully paid and depositing said

envelope in the U. S. Mail on the 3rd day of March, 2011.


_____
RALPH C. YOUNG

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

      Plaintiff,

v.                              CIVIL ACTION NO. 10-C-989 (H)
                                        (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

      Defendant.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the judge.  It is hereby **ORDERED** as follows:

1.     If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL.**"

2.     If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL,**" the parties and/or attorneys shall attempt to resolve the disputes between themselves.  If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

3.     No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

4.     Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

5.     If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

A.     Provide a copy of this Protective Order to the person to whom disclosure is made;

B.     Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

C.     Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

D.     Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;

E.     Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and

F.     At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the

2

party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

6.      If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent.

The Clerk is hereby **DIRECTED** to send copies of the entered order to counsel of record.

ENTERED this ___ day of ~~January~~ March, 2011.

The foregoing is a true copy of an order entered in this office on the 8 day of Tues March, 20 11.

PAUL H. FLANAGAN, Circuit Clerk of Raleigh County, West Virginia

Deputy

Judge John A. Hutchison

*Submitted and Agreed to By:*

Ralph C. Young, Esquire
Christopher B. Frost, Esquire
Hamilton, Burgess, Young & Pollard, PLLC
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

James S. Crockett, Jr. (WV Bar No. 9229)
Bruce M. Jacobs (WV Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
Spilman Thomas & Battle, PLLC
PO Box 273
Charleston, WV  25321
*Counsel for Defendant*

3

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                          PLAINTIFF

V.                                      CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,           DEFENDANT

## CERTIFICATE OF SERVICE

I, RALPH C. YOUNG, counsel for Plaintiff, do hereby certify that a copy of the

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF

DOCUMENTS TO DEFENDANT was served upon counsel of record in the above cause by

enclosing the same in an envelope addressed to said counsel of record at the business

address disclosed in the pleadings of record herein as follows:

> James S. Crockett, Jr.
> Bruce M. Jacobs
> Angela L. Beblo
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV 25321

the same being the last known address with postage fully paid and depositing said

envelope in the U. S. Mail on the _23rd_ day of March, 2011.

_____
RALPH C. YOUNG

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                                   PLAINTIFF

V.                                               CIVIL ACTION NO. 10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,                    DEFENDANT

## PLAINTIFF'S DISCLOSURE
## OF FACT WITNESSES

The following are the names, addresses and telephone numbers of the fact witnesses Plaintiff intends to call at trial:

1. John S. Shuff, Plaintiff
   % Ralph C. Young, Christopher B. Frost and Steven R. Broadwater, Jr.
   Hamilton, Burgess, Young & Pollard, PLLC
   P. O. Box 959, Fayetteville, West Virginia, 25840
   (304) 574-2727

2. Mona R. Shuff, Plaintiff's wife
   % Ralph C. Young, Christopher B. Frost and Steven R. Broadwater, Jr.
   Hamilton, Burgess, Young & Pollard, PLLC
   P. O. Box 959, Fayetteville, West Virginia, 25840
   (304) 574-2727

3. Any and all fact witnesses identified by the Defendant.

4. Any and all persons identified in the course of discovery.

5. Plaintiff reserves the right to supplement this disclosure as discovery proceeds.

**JOHN S. SHUFF**

**BY COUNSEL**

HAMILTON, BURGESS, YOUNG
     & POLLARD, *pllc*

BY: _____

Ralph C. Young *(WV Bar #4176)*
Christopher B. Frost *(WV Bar #9411)*
Steven R. Broadwater, Jr. *(WV Bar #11355)*
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
(304) 574-2727

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,                              PLAINTIFF

V.                                          CIVIL ACTION NO.  10-C-989 (H)

CAPITAL ONE BANK (USA), N.A.,               DEFENDANT

## **CERTIFICATE OF SERVICE**

I, **CHRISTOPHER B. FROST**, counsel for Plaintiff, do hereby certify that a copy of the **PLAINTIFF'S DISCLOSURE OF FACT WITNESSES** was served upon counsel of record in the above cause by enclosing the same in an envelope addressed to said counsel of record at the business address disclosed in the pleadings of record herein as follows:

> **Angela L. Beblo, Esq.**
> **SPILMAN THOMAS & BATTLE, PLLC**
> **P. O. Box 273**
> **Charleston, WV  25321**

the same being the last known address with postage fully paid and depositing said envelope in the U. S. Mail on the 25th day of April, 2011.

**CHRISTOPHER B. FROST**

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

          **Plaintiff,**

**v.**                                               **CIVIL ACTION NO. 10-C-989 (H)**
                                                 **(Judge John A. Hutchison)**

CAPITAL ONE BANK (USA), N.A.,

          **Defendant.**

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR 77 VIOLATIONS OF *WEST VIRGINIA CODE* § 46A-2-128(e)**

Plaintiff John S. Shuff's ("Plaintiff") motion for partial summary judgment for alleged violations of section 2-128(e) of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 *et seq.*, ("WVCCPA"), must be denied.  The United States Bankruptcy Court for the Northern District of West Virginia has issued decisions holding that claims under section 2-128(e) of the WVCCPA, which are identical to the claims addressed in Plaintiff's motion, are preempted by the National Bank Act, 12 U.S.C. § 24 ("NBA").  *Jones v. Capital One Bank (USA), N.A.*, 2:10-ap-00125, Doc. 20 (Bankr. N.D.W. Va. Mar. 7, 2011); *Romeo v. Capital One Bank (USA), N.A.*, 2:10-ap-01814, Doc. 23 (Bankr. N.D.W. Va. Mar. 7, 2011); *Meluzio v. Capital One Bank (USA), N.A.*, 2:10-ap-02083, Doc. 15 (Bankr. N.D.W. Va. Mar. 21, 2011).  As claims under section 2-128(e) are preempted by federal law, this Court should deny Plaintiff's motion for partial summary judgment.  Moreover, there are genuine issues of material fact regarding (1) the date on which notice of attorney representation was received, (2) the number of communications after notification, and (3) whether Plaintiff qualifies as a "consumer" within the meaning of the WVCCPA.  These issues of fact preclude the entry of summary judgment in favor of Plaintiff and, therefore, his motion must be denied.  Alternatively, this Court should

delay ruling on Plaintiff's motion pending further discovery, necessary for COBUSANA to fully respond to Plaintiff's motion. COBUSANA has not yet conducted discovery on whether Plaintiff qualifies as a "consumer" under the WVCCPA – a requirement for bringing a cause of action under the statute. Thus, this Court should deny Plaintiff's motion, or delay ruling on Plaintiff's motion pending further, necessary discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has two credit card accounts with COBUSANA, one ending in 7028 ("7028 Account") and the other ending in 6902 ("6902 Account"). (Ex. A, Aff. at ¶ 3.) Plaintiff alleges that his wife informed COBUSANA of Plaintiff's attorney representation on September 16, 2010, with regard to the 7028 Account, and on September 24, 2010, with regard to the 6902 Account. (Pl.'s Mot. at 1.) Plaintiff claims that he received 77 calls on both accounts, combined, after providing notice of attorney representation. (*Id.*) COBUSANA's records regarding Account 7208 reflect that Plaintiff indicated he was working with a lawyer on October 4, 2010. (Ex. A at ¶ 4; Ex. B.) COBUSANA's records on Account 6902 reflect that Plaintiff indicated he was working with a lawyer, but did not know what for on November 29, 2010. (Ex. A at ¶ 7; Ex. B.)[1]

On November 9, 2010, Plaintiff filed a Complaint against COBUSANA in the Circuit Court of Raleigh County, West Virginia. The Complaint alleges, *inter alia*, violations of section 2-128 and other debt collection provisions of the West Virginia Consumer Credit and Protection Act, 46A-1-101 *et seq.*, ("WVCCPA"). (Compl. at ¶¶ 11-13.) Plaintiff seeks actual damages for past and future violations of the WVCCPA, in addition to statutory damages in the maximum

---

[1] COBUSANA's records indicate that Plaintiff attempted to provide notice of attorney representation on October 26, 2010. (Ex. A at ¶ 5.) However, Plaintiff rushed through the attorney's name and telephone number, refused to disclose the nature of the representation (i.e., whether it was for bankruptcy), and then abruptly hung up, despite the agent's request that Plaintiff repeat the name and telephone number. (*Id.* at ¶ 6.)

amount authorized under the WVCCPA. (*Id.* at *ad damnum clause*.) Plaintiff filed the instant motion on March 2, 2011, seeking summary judgment on 77 alleged violations of section 2-128(e) of the WVCCPA.

## ARGUMENT

I. **Standard under Rule 56 for a Motion for Summary Judgment.**

A moving party for summary judgment "has the burden of showing that there is no genuine issue of fact"; indeed, that party will "not be entitled to summary judgment unless the record demonstrates he has met [the] initial burden of establishing that there is no genuine issue as to any material fact." *Ramey v. Ramey*, 183 W. Va. 230, 395 S.E.2d 230 (1990); *Aetna Cas. & Sur. Co. v. Federal Insu. Co.*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Summary judgment is only appropriate where the moving party shows by "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any,...that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E. 2d 329, 336 (1995) (internal quotations omitted); *Wilkinson v. Duff*, 212 W. Va. 725, 730, 575 S.E. 2d 335, 340 (2002). At summary judgment, the trial court should not "weigh the evidence [or] determine the truth of the matter but...determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986)). All permissible inferences, including those respecting credibility, the weight to be given evidence and legitimate inferences to be drawn from the facts must be drawn in favor of the non-moving party. *Precision Coil*, 194 W. Va. at 59 (internal citations omitted).

II. **Plaintiff's claims for alleged violations of the debt collection provisions of the WVCCPA are preempted, and his motion for summary judgment should be denied.**

   a. **Section 2-128(e) is preempted by federal law.**

- 3 -

The United States Bankruptcy Court for the Northern District of West Virginia has held in three cases that claims identical to those at issue here – for alleged violations of section 128(e) relating to a credit card account – were preempted by the NBA. *Jones*, 2:10-ap-00125, at Doc. 20; *Romeo*, 2:10-ap-01814, at Doc. 23; *Meluzio*, 2:10-ap-02083, at Doc. 15. Specifically, the court in *Jones* held that section 128(e) was preempted because it more than incidentally affected the lending of a national bank, stating that "as applied to a national bank, [section 128(e)] is an impermissible attempt to regulate the manner in which the business of banking is carried out." *Id.* at 6-8. Although the *Jones* court was the first to hold that section 128(e) was preempted by the NBA in the context of credit card accounts, this holding is supported by a long line of recent cases by the District Judges in the Northern and Southern Districts of West Virginia shedding light on the scope of federal preemption of section 128(e) and other provisions of the WVCCPA. *See, e.g., Padgett v. OneWest Bank, FSB*, 3:10-cv-08, Doc. No. 25 (N.D.W. Va. Apr. 19, 2010); *Bishop v. Ocwen Loan Servicing, LLC*, 3:10-cv-0468, Doc. No. 23, (S.D.W. Va. Oct. 19, 2010); *Lomax v. Bank of Am., N.A.*, 435 B.R. 362 (N.D.W. Va. 2010); *Frye v. Bank of Am., N.A.*, 3:10-cv-47, Doc. No. 33 (N.D.W. Va. Aug., 16, 2010); *Staats v. Bank of Am., N.A.*, 3:10-cv-68, Doc. No. 43 (N.D.W. Va. Nov. 4, 2010); *Staats v. Bank of Am., N.A.*, 3:10-cv-68, Doc. No. 48 (N.D.W. Va. Jan. 13, 2011) (on motion to reconsider).

The court in *Jones* recognized that "the business activities of national banks are controlled by the [NBA] and regulations promulgated by the Office of the Comptroller of Currency ["OCC"]." *Jones*, 2:10-ap-00125, Doc. No. 20 at 3 (*citing Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 6 (2007).) Accordingly, national banks are subject to state law only so long as "doing so does not prevent or significantly interfere with the national bank's or the national bank regulator's exercise of its powers." *Id.* (*quoting Watters*, 550 U.S. at 12). Section 128(e) "both

regulates how collection efforts by a debt collector are to be made, and preserves the integrity of the attorney-client relationship," *id.* at 4, and thus, is not *expressly* preempted by the NBA or corresponding regulations. *Id.* at 5-6.

The court nonetheless found that section 128(e) was preempted because it *more than incidentally affected the lending* of a national bank by regulating "the manner in which the business of banking is carried out." *Id.* at 6-8. Specifically, the Court found persuasive the following explanation of the burden imposed on a bank by section 128(e), as articulated in the context of a federal savings bank:

> First, the federal savings bank must establish guidelines or otherwise train its employees in how to comprehend and then note for the file when it "appears" that there is attorney representation. It must then develop procedures for changing its communications process in connection with the servicing of the mortgage loan, including its procedures for sending out monthly statements and all other correspondence as well as making telephonic communications. If the federal savings bank has not been given the attorney's name and address, the federal savings bank must then take steps to try and ascertain this information because it may not, under the WVCCPA, communicate directly with a debtor . . . if the federal savings bank can "easily ascertain" such information. Finally, the federal savings bank runs the risk of falling afoul of the WVCCPA if it does not expend the amount of effort to ascertain such information that a trier of fact might consider to fall within the scope of "easily ascertaining" such information.

*Id.* at 7 (*quoting Padgett v. OneWest Bank, FSB*, 3:10-cv-08, 2010 U.S. Dist. LEXIS 38293 (N.D.W. Va. Apr. 19, 2010)). Based upon the analyses in *Lomax* and *Padgett*, the *Jones* court concluded that the type of activity regulated by section 128(e) concerns the servicing of a loan. *Id.* at 7. "Servicing a loan generally entails sending billing statements and keeping track of payments, a central component of loan administration, which also includes delinquency follow-up procedures and contact with borrowers of the type that may be protected by West Virginia law under W. Va. Code § 46A-2-128(e)." *Id.* The Court, accordingly, found that section 128(e) "obstructs, impairs or conditions a national bank's non-real estate servicing/ loan administration

activities because [section 128] attempts to govern how a national bank may engage in debt collection activity within an individual state, and subjects a national bank to liability for violating a state statute." *Id*. at 7-8. As applied to a national bank, section 128(e) is an "impermissible attempt to regulate the manner in which the business of banking is carried out." *Id*. at 8. Implicit within the analysis in *Lomax*, and expressly noted by the court in *Jones*, is the fact that "an array of Federal consumer protection standards, ensure that national banks are subject to consistent and uniform federal standards, administered and enforced by the OCC, that provide strong and extensive customer protection and appropriate safety and soundness-based criteria for their lending activities." *Id*. at 8 (*quoting* Fed. Reg. Vol. 69, No. 8, p. 1912 (Jan. 13, 2004)).

The court in *Jones* further determined that plaintiffs could not rebut the presumption of preemption. *Id*. at 8-10. The court found that section 128(e) "govern[ed] how a debt collector is to collect a validly owing debt when it appears the debtor is represented by an attorney," that this interference was more than incidental, and that section 128(e) was preempted. *Id*. at 8-10 (distinguishing between the right to collect a debt and the manner of debt collection). Finally, the court noted that a "contrary finding would mean that a national bank would have to change its debt collection practices depending on individual state law when that debt collection activity is not otherwise prohibited by federal law." *Id*. at 10.

The claims asserted by Plaintiff under section 128(e) are *identical* to those that were before the court in *Jones*, *Romeo*, and *Meluzio*. Plaintiff claims that COBUSANA placed telephone calls to him after it appeared that he was represented by an attorney. The court in *Jones*, *Romeo*, and *Meluzio* resolutely held that such claims are preempted. The same analysis applies here, and Plaintiff's claim under section 128(e) is preempted.

      **b.**      **The recent decision of the Southern District of West Virginia in *Smith* is distinguishable and does not preclude a finding of preemption in this case.**

The United States District Court for the Southern District of West Virginia recently held that a claim for an allegedly improper foreclosure on real property was not preempted by the NBA and the OCC regulations. *Smith v. BAC Home Loan Servicing, LP, et al.*, 2:10-cv-00354, Doc. 34 (S.D.W. Va. Mar. 11, 2011). In that case, the plaintiff had received notices that she was in default on her mortgage loan. *Id.* at * 1. She contacted the defendant and obtained a loan modification. *Id.* According to the plaintiff, the company servicing her mortgage loan then foreclosed on that loan despite her loan modification. *Id.* at * 1-2. The plaintiff alleged that the company had pursued foreclosure on her home when she was not in default. *Id.* at 3. She amorphously based one of her claims on section 128's general prohibition against the use of unconscionable means in collecting a debt. *Id.* Ms. Smith did not allege any claims under subsection (e) based on the receipt of collection calls after notification of attorney representation. *Id.*

In contrast, the claims asserted by Plaintiff in this case are distinguishable from the plaintiff's allegations in *Smith* because they are based specifically upon subsection (e) which, as explained by the court in *Jones*, imposes a heavier burden on national banks than that required by federal law. The distinction between Plaintiff's allegations and the allegations in *Smith* is supported by the limitation that the *Smith* court imposed on its holding, stating: "my analysis does not immunize the entire WVCCPA from federal preemption, nor does the analysis even foreclose preemption of a claim brought under [section 128]. Rather, my holding today is simply that the NBA and OCC regulations, as applied in this case, do not preempt Plaintiff's claims." *Id.* at 21, n.17. Indeed, after the *Smith* decision, the United States Bankruptcy Court for the Northern District of West Virginia again ruled that claims asserted under section 128(e) are preempted by the NBA. *See Meluzio*, 2:10-ap-02083, Doc. 15.

- 7 -

     **c.**    **Because a state court decision cannot displace a federal court's decision on matters of federal law, this Court should follow the decision of the court in *Jones*.**

The West Virginia Supreme Court of Appeals has held that the Supremacy Clause of the United States Constitution provides the basis for a preemption analysis, and West Virginia courts are obligated to honor the Clause. *In re: West Virginia Asbestos Litig.*, 592 S.E.2d 818, 821 (W. Va. 2003). The Supremacy Clause declares that the "Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and **the judges in every state shall be bound thereby** . . . ." U.S. Const. Art VI, para. 2.

Much as the Erie Doctrine binds the federal courts to faithful adherence to the decisions of state court on issues of state law, federal court decisions on issues of federal law are just as much the law of the land and binding on the state courts as federal statutes.[2] *See Jackson v. Builders Transport, Inc.,* 1996 WL 431992, 3 (4th Cir. 1996); *Grantham v. Avondale Indus.*, 964 F.2d 471, 473-74 (5th Cir.1992); *Pauk v. Bd. of Trustees of City Univ. of N.Y.*, 654 F.2d 856, 866 n.6 (2d Cir. 1981) (a state court decision cannot preclude a federal court's more authoritative decision on matters of federal law); *Illinois v. City of Milwaukee*, 406 U.S. 91, 99 (1972) (federal courts have an extensive responsibility of fashioning rules of substantive law . . . . These rules are as fully 'laws' of the United States as if they had been enacted by Congress.') (*quoting Romero v. International Terminal Operating Co.*, 358 U.S. 354, 393 (1959)(Brennan, J., concurring in part and dissenting in part)). Accordingly, a "state court cannot 'refuse to enforce

---

[2] COBUSANA does not contend that this Court lacks jurisdiction to decide the issue of preemption. "Under the dual system of sovereignty established by the United States Constitution, state courts are presumed to enjoy concurrent jurisdiction with federal courts over federal questions." *State ex rel. Sharon Orlofske v. City of Wheeling*, 575 S.E.2d 148, 153 (W. Va. 2002). Rather, COBUSANA advocates that this Court must apply the precedent set forth in *Jones* and its progeny, which were decided by a federal court and are the only cases directly on point with the issue presently before this Court.

the right arising from the law of the United States because of conceptions of impolicy or want of wisdom on the part of Congress in having called into play its lawful powers.'" *Testa v. Katt*, 330 U.S. 386 (1947) (*quoting Minneapolis & St. L.R. Co. v. Bombolis*, 241 U.S. 211, 222, 36 S.Ct. 595, 598 (1916). The federal court's decisions in *Jones, Romeo*, and *Meluzio*, as the only federal decision to directly address NBA preemption of section 128(e) claims in non-real estate lending cases, have the same force and authority as a statute mandating preemption, and this Court must follow that precedent.

As noted by the West Virginia Supreme Court of Appeals, the Supremacy Clause of the United States Constitution provides the basis for a preemption analysis, and West Virginia courts are obligated to honor the Clause. *In re: West Virginia Asbestos Litig.*, 592 S.E.2d at 821. Preemption is a question of federal – not state – law. It invalidates the application of certain statutes and prevents the assertion of certain claims. *Jones, Romeo*, and *Meluzio* are the only on-point federal court decisions relating to credit card lending, and those decisions have explicitly held that section 128(e) is preempted by the NBA. Thus, this Court must find that Plaintiff's section 128(e) claims are preempted.

**III.    There is a genuine issue of material fact regarding the date on which COBUSANA received a valid notice of attorney representation from the Plaintiff.**

        **a.    Factual dispute over notice**

Summary judgment as to Plaintiff's claims for violation of section 128(e) is not appropriate because there is a question of material fact regarding the date on which COBUSANA received valid notification that Plaintiff was represented by an attorney. This dispute alone is sufficient to defeat Plaintiff's early request for summary judgment because any purported violations of section 2-128(e) are dependent upon the *date of notice*.

|  | Plaintiff Claims Notice (Mot. at 1.) | COBUSANA Claims Notice (Exs. A, B.) |
|---|---|---|
| Account 7028 | 9-16-10 | 10-4-10 |
| Account 6902 | 9-24-10 | 11-29-10 |

Plaintiff claims that his wife provided notice of representation on Account 7028 on September 16, 2010, and on Account 6902 on September 24, 2010.  (Pl.'s Mot. at 1.) COBUSANA's records regarding Account 7208 reflect that Plaintiff indicated he was working with a lawyer on October 4, 2010; COBUSANA's records on Account 6902 reflect that Plaintiff indicated he was working with a lawyer, but did not know what for on November 29, 2010.  (*Id.* at ¶¶ 4, 7.)  For violations of section 2-128(e), communication must have occurred *after* "it appears that the consumer is represented by an attorney . . . ."  W. Va. Code § 46A-2-128(e). The date of notice, thus, is a critical fact that is determinative of when it "appears" an individual has counsel.  As the parties disagree over the timing of notification, pursuant to *Precision Coil*, all permissible inferences to be drawn from the facts must be drawn in favor of the non-moving party.  *Precision Coil*, 194 W. Va. at 59 (internal citations omitted).  Summary judgment is not appropriate as there are material issues of fact.

**b.      Privacy concerns and whether the alleged notice was even sufficient.**

The motion claims that Plaintiff's *wife*, not the Plaintiff himself, provided COBUSANA with counsel's name and telephone number for the 7028 Account on September 16, 2010.  The notification provided by Plaintiff's wife is invalid as COBUSANA had not previously received authorization from the Plaintiff to speak to the individual purporting to be his wife.  (Ex. A at ¶ 9.)

Both federal and state laws restrict communications with unauthorized third parties.  The WVCCPA prohibits disclosure of an individual's indebtedness to third parties.  W. Va. Code § 46A-2-126.  Additionally, the Gramm-Leech-Bliley Act ("GLBA"), codified in scattered

sections of Titles 12 and 15 of the United States Code, restricts financial institutions' ability to make disclosures to third-parties by imposing certain obligations on financial institutions before they disclose a customer's non-public personal information. *See* 15 U.S.C. §§ 6802(a) (requiring prior notice and an opportunity to opt out), and 6803(b)(1) (requiring disclosure of the financial institution's privacy policy). Absent compliance with all of the GLBA's requirements, disclosure of nonpublic personal information to third-parties is barred. Even the fact of the existence of a customer relationship is nonpublic personal information, protected by the GLBA. *See* 12 C.F.R. § 40.3(n) (explaining that a list of individuals names that contains only publicly available information is not nonpublic personal information, provided it is "not disclosed in a manner that indicates that any of the individuals on the list is a consumer of a financial institution").

Plaintiff had not previously advised COBUSANA that COBUSANA could communicate with anyone other than the Plaintiff about his account. Thus, the person who answered the call on September 16, 2010, was, at the time, an unidentified third-party as Plaintiff's Motion states the individual was his wife. COBUSANA would have had no way to verify who the individual was during the purported call, COBUSANA would have had no way to verify that Plaintiff was okay with communicating regarding the accounts with this individual, and COBSUANA could have, had it discussed the accounts, potentially violated other provisions of federal and state law. *See* 15 U.S.C. §§ 6802(a), 6803(b)(1); 12 C.F.R. § 40.3(n); W. Va. Code § 46A-2-126.

COBUSANA cannot be required to have altered its treatment of Plaintiff's account based upon the representations made by the unknown third-party. Therefore, there is a genuine issue of material fact as to when COBUSANA received a valid notification that Plaintiff was represented by an attorney, and Plaintiff's motion for summary judgment must be denied on this basis.

**IV.    There is a genuine issue of material fact regarding the number of communications that occurred after notice of attorney representation.**

Summary judgment as to Plaintiff's claims for violation of section 128(e) is not appropriate because there is a question of material fact regarding the number of communications that occurred after attorney notification. The Plaintiff's wife's handwritten log of calls, attached to Plaintiff's motion for partial summary judgment, reflects only fifty-one telephone call attempts from COBUSANA regarding the 6902 Account after September 24, 2010. (*See* Pl.'s Mot. at Ex. 2.)

West Virginia Code § 46A-2-128(e) prohibits "[a]ny communication *with* a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known . . . ." W. Va. Code § 46A-2-128(e) (emphasis added). While the phrase "communication with a consumer" is not defined under the Act, the term "communication" has been defined to mean the "expression or exchange of information by speech, writing or gestures." Black's Law Dictionary 273 (7th ed. 1999). Thus, the "communication" in the instant context, at the very least, must mean that the consumer either was aware of or knew of such communication, and that information was exchanged between Plaintiff and COBUSANA. If Plaintiff was not at home when a call was placed, or if Plaintiff did not hear the telephone ring, or if there was no communication back and forth between Plaintiff and COBUSANA (such that information moved in both directions and could be said to have been "exchanged"), then either Plaintiff and COBUSANA did not communicate, or Plaintiff was not aware of such communication. Likewise, if Plaintiff neither received a voicemail nor was ever able to ascertain via caller identification that a call was placed, Plaintiff did not know of the attempted communication. Without either of these, there can be no "communication" within the meaning of section 128(e).

- 12 -

Plaintiff's records do not include at least eighteen of the telephone calls that he now alleges violated the statute. Yet, Plaintiff seeks to recover the maximum statutory penalty of $4,313.80[3] for each[4] of the telephone call attempts, regardless of whether Plaintiff was even aware of them before COBUSANA disclosed them in litigation. Because Plaintiff was not aware of eighteen of the telephone call attempts, those eighteen call attempts are not communications within the meaning of section 128(e) and Plaintiff is not entitled to summary judgment on those calls.

## V.     There is a genuine issue of material fact as to whether Plaintiff qualifies as a "consumer" within the meaning of the WVCCPA.

The only section of the WVCCPA providing Plaintiff with a private right of action is section 5-101. Section 5-101 of the WVCCPA provides in pertinent part, "[i]f a creditor has violated the provisions of this chapter . . . *the consumer* has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a statutory penalty . . . ." W. Va. Code § 46A-5-101 (emphasis added). The term "consumer," in turn, is defined in section 1-102 of the WVCCPA to mean "a natural person who incurs debt pursuant to a *consumer* credit sale or a *consumer* loan, or debt or other obligations pursuant to a *consumer* lease." W. Va. Code § 46A-1-102(12). Consumer credit sales, consumer loans and consumer leases under the WVCCPA all share a common statutory requirement in order for the

---

[3] While Plaintiff seeks the adjustment for inflation, he has provided no evidence that that would justify the adjustment he is requesting under section 46A-5-106 of the WVCCPA.

[4] COBUSANA disputes that Plaintiff is entitled to a statutory award for each alleged violation as COBUSANA believes the plain language of the WVCCPA, as well as a review of analogous federal law, permits only a single statutory award. COBUSANA also disputes whether the alleged failure to cease calls after the notice regarding representation should be interpreted as multiple alleged violations, as argued by Plaintiff, or a single potential violation.

WVCPPA to apply, inasmuch as they all must be entered into "primarily for a personal, family, household or agricultural purpose." See W. Va. Code §§ 46A-1-102(13-15).[5]

To have a viable claim under section 2-128(e), Plaintiff must demonstrate that his COBUSANA account was used primarily for a personal, family, household, or agricultural purpose. Plaintiff has not made this showing. Thus, he has failed to show that he even has standing to assert claims under the WVCCPA, let alone that he is entitled to judgment as a matter of law for alleged violations the WVCCPA. Accordingly, there is a genuine issue of material fact as to whether Plaintiff has standing to bring claims under section 2-128(e) of the WVCCPA, thus, summary judgment must be denied.

## VI.   Additional discovery is required in order for COBUSANA to respond to the arguments in Plaintiff's motion for partial summary judgment.

Rule 56(f) of the West Virginia Rules of Civil Procedure provides that a court may deny a motion for summary judgment, or postpone the consideration of that motion when the opposing party establishes that additional discovery is required to justify the party's response in opposition. *See* W. Va. R. Civ. P. 56(f); *see also* syl. pt. 3, *Crain v. Lightner*, 178 W. Va. 765, 364 S.E.2d 778 (1987) ("Where a party is unable to resist a motion for summary judgment because of an inadequate opportunity to conduct discovery, that party should file an affidavit pursuant to W. Va. R. Civ. P. 56(f) and obtain a ruling thereon by the trial court."). The West Virginia Supreme Court of Appeals has further stated that "a decision for summary judgment before discovery has been completed must be viewed as precipitous." *Van Buren*, 165 W.Va. at 144, 267 S.E.2d at 443; *see also* Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr.,

---

[5] Moreover, section 2-128(e) provides, "[n]o debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim." The WVCCPA defines the term "claim" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for *personal, family or household purposes* . . . ." W. Va. Code § 46A-2-122(b) (emphasis added).

- 14 -

*Litig. Handbook on W. Va. R. of Civ. P.*, § 56(f), at 1144 (3d ed. 2008).  A continuance of a summary judgment motion is mandatory upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to justify opposition to the motion.  *Precision Coil*, 495 S.E.2d at 339.

Pursuant to the scheduling order entered by this Court, discovery is scheduled to close on February 17, 2012.  Although the parties have exchanged and responded to each other's discovery requests, COBUSANA has not yet had the opportunity to depose the Plaintiff.[6] Additionally, the parties have not yet served their fact witness disclosures, which are scheduled to occur on April 29, 2011.  Thus, COBUSANA does not yet know whether there were witnesses to Plaintiff's receipt of the telephone calls that form the basis of the allegations in the Complaint, and has not yet had the opportunity to depose those individuals, if any.

Before COBUSANA can fully respond to Plaintiff's motion, further discovery is needed. As a threshold matter, COBUSANA needs to conduct discovery to determine whether the WVCCPA even applies to Plaintiff – specifically, whether Plaintiff's transaction with COBUSANA was entered into primarily for a personal, family, household or agricultural purpose.  (Ex. C, Aff. at ¶ 8.)  Then, COBUSANA will need to conduct discovery to test the veracity of the call logs that Plaintiff attaches to his motion.  (*Id.* at ¶¶ 9-10.)  Finally, additional discovery is needed so that COBUSANA may determine what, if any, actual damages Plaintiff has suffered.  (*Id.* at ¶ 11.)  At the very least, this Court should delay ruling on Plaintiff's motion for summary judgment, pending further discovery as to whether the WVCCPA applies to Plaintiff.

## **CONCLUSION**

---

[6] Plaintiff's deposition is scheduled for April 28, 2011, which is the day before the hearing on Plaintiff's motion for partial summary judgment.  Thus, at the time of the hearing some of the issues identified in the Rule 56(f) affidavit may be resolved, but it is unlikely that all will be resolved.

Claims under section 2-128(e) of the WVCCPA, which are identical to the claims addressed in Plaintiff's motion, are preempted by the National Bank Act.  Further, Plaintiff has failed to meet his burden of showing that he is entitled to judgment as a matter of law, as there are genuine issues of material fact regarding (1) the date on which notice of attorney representation was received, (2) the number of communications after notification, and (3) whether Plaintiff qualifies as a "consumer" within the meaning of the WVCCPA.  Finally, Plaintiff's motion for summary judgment is premature where discovery is ongoing and COBUSANA has not yet had the opportunity to complete the discovery it needs to respond to Plaintiff's motion.  Thus, Plaintiff's motion for partial summary judgment must be denied, or ruling should be delayed pending further, necessary discovery.

CAPITAL ONE BANK (USA), N.A.

By: Spilman Thomas & Battle, PLLC

James S. Crockett, Jr. (WV Bar No. 9229)
Bruce M. Jacobs (WV Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
300 Kanawha Blvd, East
PO Box 273
Charleston, WV  25321
304.340.3800
304.340.3801 (*facsimile*)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

        Plaintiff,

v.                                    CIVIL ACTION NO. 10-C-989 (H)
                                                 (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

## AFFIDAIVT

COMMONWEALTH OF VIRGINIA,

COUNTY OF GOOCHLAND, To-wit:

    I, Brad Mason, being first duly sworn, depose and say as follows:

    1.    That I am authorized to execute this Affidavit on behalf of Capital One Bank (USA), N.A. ("COBUSANA");

    2.    That I make this Affidavit with knowledge of the facts stated herein based upon my review of corporate records and other documents relating to the account held by plaintiff John S. Shuff ("Plaintiff");

    3.    Plaintiff has two credit card accounts, one ending in 7028 ("7028 Account") and the other ending in 6902 ("6902 Account");

    4.    Records for Account 7208 reflect that Plaintiff indicated he was working with a lawyer on October 4, 2010, and do not reflect attorney information was provided on September 16, 2010;

    5.    Records also reflect that Plaintiff attempted to provide notice of attorney representation on October 26, 2010;

1



6.      During the October 26, 2010, call, Plaintiff rushed through providing his attorney's name and telephone number and then the phone was abruptly hung up, despite the agent's request that the name and telephone number be repeated;

7.      Records for Account 6902 reflect that Plaintiff indicated he was working with a lawyer, but did not know what for on November 29, 2010, and COBUSANA's records do not reflect attorney information was provided on September 24, 2010;

8.      COBUSANA's records do not reflect that COBUSANA received authorization from the Plaintiff to speak to his wife.


Further the Affiant saith not.


_____ (sign)


_____ (print)


Taken, subscribed and sworn to before me this _____ day of April, 2011.

My commission expires: _____

**[NOTARIAL SEAL]**

_____
                                                **Notary Public**

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

        Plaintiff,

v.

                                              CIVIL ACTION NO. 10-C-989 (H)
                                              (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

### DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

        Defendant Capital One Bank (USA), N.A. ("COBUSANA"), by counsel, pursuant to Rules 26, 33, and 34 of the West Virginia Rules of Civil Procedure, hereby responds to the "Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to Defendant" ("Discovery Requests") filed by plaintiff John S. Shuff ("Plaintiff"). Each of COBUSANA's answers herein is made to the best of its knowledge at the present time, based upon its investigation to date. COBUSANA states that its investigation is ongoing and specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

### REQUEST FOR PRODUCTION OF DOCUMENTS

        **Request for Production No. 1:**    Please produce all records of any telephone calls placed by or on behalf of Defendant to the Plaintiff or Plaintiffs during the twelve months preceding the filing of this lawsuit. (Note: The word "placed," as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

        **RESPONSE:** This request asks COBUSANA to disclose information that constitutes or concerns confidential information, trade secrets, or other proprietary information, and COBUSANA objects to producing such information without a protective order. COBUSANA



EXHIBIT
B

**Interrogatory No. 2:** If this Defendant asserts the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of the *West Virginia Consumer Credit and Protection Act* was unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please provide the following:

a. State the substance of every such procedure;

b. The date or dates such procedure was implemented;

c. State how Defendant ensures that its employees placing phone calls to consumers in West Virginia understand and follow all such procedures;

d. Identify by date, agent or employee, and action, each possible unintentional violation of the West Virginia Consumer Protection Act in Defendant's dealings with Plaintiff or Plaintiffs;

e. Explain how such unintentional violation occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such unintentional violation;

f. Identify by date, agent or employee, and fact, each violation of the West Virginia Consumer Protection Act in Defendant's dealings with Plaintiff or Plaintiffs which was the result of a bona fide error of fact; and

g. Explain how such bona fide error of fact occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**ANSWER:** This action is in its beginning stages and COBUSANA has not yet determined which defenses available under WVCCPA will be applicable to the facts of this case as determined through discovery. Notwithstanding the foregoing, COBUSANA states that this request asks for COBUSANA to disclose information that constitutes or concerns confidential commercial information, trade secrets, or other proprietary information. COBUSANA states that it trains its employees on the policies and procedure and ensures compliance with quality control measures. COBUSANA states that it has policies and procedures in place for handling accounts when attorney information is received.

**Interrogatory No. 3:** On what date or dates, by what means, and to what agents or employees of Defendant did it appear that Plaintiff or Plaintiffs was/were represented by an attorney.

**ANSWER:** COBUSANA states that it received attorney representation information for account 6902 on November 29, 2010, during a telephone conversation with Plaintiff. COBUSANA states that it received attorney representation information for account 7028 on October 4, 2010, during a telephone conversation with Plaintiff.

**Interrogatory No. 4:** Does the Defendant have any recordings of conversations between its employees and Plaintiff or Plaintiffs, or his/her/their counsel? If so, please identify by date and time all such recorded conversations.

**ANSWER:** Yes. COBUSANA states that it has the following recordings of calls with Plaintiff: October 26, 2010 at 5:23 PM, October 31, 2010 at 10:15 AM, November 1, 2010 at 9:52 AM, November 6, 2010 at 10:51 AM, November 6, 2010 at 12:48 PM, November 11, 2010 at 3:25 PM, November 12, 2010 at 3:13 PM, November 12, 2010 at 8:42 AM, November 13, 2010 at 12:08 PM, November 13, 2010 at 1:39 PM, November 13, 2010 at 8:31 AM, November 14, 2010 at 9:50 AM, November 15, 2010 at 11:14 AM, November 15, 2010 at 5:49 PM, November 17, 2010 at 12:00 PM, and November 17, 2010 at 5:16 PM.

**Interrogatory No. 5:** Did this Defendant assert the *bona fide* error defense set forth in *West Virginia Code* §46A-5-101(8) in any other litigation in a West Virginia state court or a West Virginia federal court in the last five years? If so, provide:
   a.   The style of the case;
   b.   The case number; and
   c.   Describe the document in which such defense was asserted.

**ANSWER:** This request is not limited to Plaintiff's claims against COBUSANA or calls made by COBUSANA to Plaintiff. Nor do claims or defenses in other cases have any bearing on Plaintiff's claims. Consequently, it is overbroad and "not reasonably calculated to lead to the discovery of admissible evidence," as required by Rule 26(b)(1) of the West Virginia Rules of Civil Procedure.

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

        Plaintiff,

v.

                                            CIVIL ACTION NO. 10-C-989 (H)
                                            (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

## AFFIDAVIT

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, To-wit:

        I, Angela L. Beblo, counsel for Capital One Bank (USA), N.A. ("COBUSANA") in the above-styled action, pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure, upon being first duly sworn, depose and say as follows:

        1.      I have been retained to represent COBUSANA in the above-styled action.

        2.      Plaintiff John S. Shuff ("Plaintiff"), by counsel, filed a Complaint against COBUSANA in the Circuit Court of Raleigh County, West Virginia on November 9, 2010.

        3.      On March 2, 2011, Plaintiff filed a motion for partial summary judgment, seeking summary judgment on alleged telephone calls made by COBUSANA to Plaintiff in violation of West Virginia Code § 46A-2-128(e).

        4.      A scheduling order was entered on January 19, 2011, setting a discovery completion deadline of February 17, 2012.

        5.      Plaintiff's deposition is scheduled for April 28, 2011.

1



6.     COBUSANA has not had the opportunity to depose any fact witnesses and, in fact, does not yet know who the fact witnesses may be where fact witness disclosures are not scheduled to be made until April 29, 2011.

7.     Additional discovery is needed so that COBUSANA can fully respond to Plaintiff's motion.

8.     Additional discovery will be needed to determine if Plaintiff's transaction with COBUSANA was entered into primarily for a personal, family, household, or agricultural purpose. That evidence will establish whether the WVCCPA even applies to Plaintiff's claims.

9.     COBUSANA will need to depose Plaintiff, at which time COBUSANA will have the opportunity to test the veracity of the call logs that Plaintiff attaches to his motion.

10.    COBUSANA will need to conduct discovery to test the veracity of Plaintiff's call logs by obtaining records from third parties.

11.    Additional discovery is also needed so that COBUSANA may determine what, if any, actual damages Plaintiff has suffered.

Further the Affiant saith not.

_Angela Beble_ (sign)

_Angela Beble_ (print)

Taken, subscribed and sworn to before me this 27th day of April, 2011.

My commission expires: _September 5, 2020_

**[NOTARIAL SEAL]**

Official Seal
Notary Public, State of West Virginia
Rosa L. Moss
Spilman Thomas & Battle, PLLC
P. O. Box 273
Charleston, WV 25321-0273
My Commission Expires September 5, 2020

_Rosa L. Moss_
**NOTARY PUBLIC**

2

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

       Plaintiff,

v.                                            CIVIL ACTION NO. 10-C-989 (H)
                                              (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

       Defendant.

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of **"Defendant Capital One Bank (USA), N.A.'s Response to Plaintiff's Motion for Partial Summary Judgment for 77 Violations of *West Virginia Code § 46A-2-128(e)*"** has been served upon counsel of record via facsimile, this 27th day of April, 2011, and addressed to the following::

              Ralph C. Young, Esquire
            Christopher B. Frost, Esquire
          Steven R. Broadwater, Jr., Esquire
      Hamilton, Burgess, Young & Pollard, PLLC
                P.O. Box 959
             Fayetteville, WV 25840
             *Counsel for Plaintiff*

Angela L. Beblo (WV Bar No. 10345)

- 17 -

```
                    ***********************
                ***     TX REPORT     ***
                    ***********************


    TRANSMISSION OK

    TX/RX NO              0029
    CONNECTION TEL          2#482#913042559358
    SUBADDRESS
    CONNECTION ID
    ST. TIME              04/27 18:01
    USAGE T               04'18
    PGS. SENT             26
    RESULT                OK
```

# SPILMAN THOMAS & BATTLE. PLLC

### ATTORNEYS AT LAW

# FAX

| To: | **Honorable John A. Hutchison** | From: | Angela L. Beblo |
|---|---|---|---|
| **Fax:** | **304-255-9358** | Phone: | 304-340-3852 |
| Phone: | 305-255-9132 | Date: | Wednesday, April 27, 2011 |
| Client Matter: | 11193.316 | | |

Re:   Shuff v. Capital One Bank (USA), N.A.; Civil Action No. 10-C-989-H; Circuit Court of Raleigh County, West Virginia


Pages: 26.  If you did not receive all of the pages, please call Brenda J. Hoover at 304.720.3426.


Notes:

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO              0028
CONNECTION TEL          2#481#913045743709
SUBADDRESS
CONNECTION ID
ST. TIME              04/27 17:54
USAGE T               05'01
PGS. SENT             25
RESULT               OK
```

## ⠿ SPILMAN THOMAS & BATTLE, PLLC

### ATTORNEYS AT LAW

# FAX

| | | | |
|---|---|---|---|
| **To:** | **Ralph C. Young, Esquire** | From: | Angela L. Beblo |
| **Fax:** | **304-574-3709** | Phone: | 304-340-3852 |
| Phone: | 304-574-2727 | Date: | Wednesday, April 27, 2011 |
| Client Matter: | 11193.316 | | |
| Re: | Shuff v. Capital One Bank (USA), N.A.; Civil Action No. 10-C-989-H; | | |
| | Circuit Court of Raleigh County, West Virginia | | |

Pages: 26. If you did not receive all of the pages, please call Brenda J. Hoover at 304.720.3426.


Notes:

**IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA**

**JOHN S. SHUFF,**

       **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 10-C-989-H**
                                                 **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

       **Defendant.**

## CERTIFICATE OF SERVICE

    I, Angela L. Beblo, counsel for defendant Capital One Bank (USA), N.A., do hereby certify that on the 29th day of April, 2011, I served "**Defendant Capital One Bank (USA), N.A.'s Fact Witness Disclosures**" upon counsel of record by placing a true copy thereof in the regular course of the United Sates Mail, postage prepaid, and addressed to the following:

Ralph C. Young, Esquire
Christopher B. Frost, Esquire
Steven R. Broadwater, Jr., Esquire
Hamilton, Burgess, Young & Pollard, PLLC
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

                                      _____

                         Angela L. Beblo (WV Bar No. 10345)

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**JOHN S. SHUFF,**

      **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 10-C-989-H**
                                                        **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

      **Defendant.**

### NOTICE OF DEPOSITION OF MONA SHUFF

    TO:    ALL COUNSEL OF RECORD

    PLEASE TAKE NOTICE that defendant Capital One Bank (USA), N.A., by counsel, will take the testimony of **Mona Shuff**, on **Monday, May 16, 2011** beginning at **9:30 a.m.** at the offices of Hamilton Burgess Young & Pollard, PLLC, Maple Lane, Fayetteville, West Virginia 25840, before an officer duly authorized by law to administer oaths. The foregoing deposition will be taken upon oral examination for discovery and evidentiary purposes, or both, and the same will continue from day to day until completed. You are invited to attend.

                                   **CAPITAL ONE BANK (USA), N.A.**

                                   **By: Spilman Thomas & Battle, PLLC**

                                   _____

                                   Bruce M. Jacobs (WV State Bar # 6663)
                                   Angela L. Beblo (WV State Bar # 10345)
                                   300 Kanawha Boulevard, East (ZIP 25301)
                                   P.O. Box 273
                                   Charleston, WV 25321
                                   304.340.3800/304.340.3801 (*facsimile*)

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

       Plaintiff,

v.                                       CIVIL ACTION NO. 10-C-989-H
                                             (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

       Defendant.

### CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Notice of Deposition of Mona Shuff** has been served upon counsel of record via regular U.S. Mail, this 4th day of May, 2011, addressed to the following:

Ralph C. Young, Esquire
Christopher B. Frost, Esquire
Hamilton, Burgess, Young & Pollard, PLLC
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

Angela L. Beblo (WVSB #10345)

#2805096

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

      **Plaintiff,**

v.                                     **CIVIL ACTION NO. 10-C-989-H**
                                                   **(Judge John A. Hutchison)**

CAPITAL ONE BANK (USA), N.A.,

      **Defendant.**

### ORDER

On the 29th day of April, 2011, came plaintiff John S. Shuff ("Plaintiff"), by his counsel, Ralph C. Young, and defendant Capital One Bank (USA), N.A. ("Defendant"), by its counsel, Angela L. Beblo, upon Plaintiff's Motion for Partial Summary Judgment on 77 Violations of West Virginia Code §46A-2-128(e). Upon review of the written submissions and oral arguments of counsel, the Court hereby **FINDS** as follows:

    1.     There are no genuine issues of material fact concerning 8 telephone calls on account 6902 that were placed by Defendant to Plaintiff after October 4, 2010, the date on which Defendant admits receiving notice from Plaintiff that he was represented by an attorney.

    2.     There are genuine issues of material fact concerning the remaining 69 telephone calls on which Plaintiff moved for partial summary judgment.

    3.     However, summary judgment on the 8 telephone calls for which there are no genuine issues of material fact is subject to Defendant's right to argue that Plaintiff's claims under West Virginia Code §46A-2-128(e) are preempted by the National Bank Act, 12 U.S.C. § 24.

**WHEREFORE,** the Court takes Plaintiff's Motion for Partial Summary Judgment on 77 Violations of West Virginia Code §46A-2-128(e) under advisement pending additional briefing and this Court's ruling on the issue of preemption.

On this _11_ day of May, 2011, it is **SO ORDERED.**

**The Clerk is DIRECTED** to send copies of this order to counsel at the addresses provided below.

_____
Judge John A. Hutchison, 10th Judicial Circuit

**AGREED TO:**

_____
Ralph C. Young (WV Bar No. 4176)
Christopher B. Frost (WV Bar No. 9411)
Steven R. Broadwater, Jr. (WV Bar No. 11355)
Hamilton, Burgess, Young & Pollard, PLLC
PO Box 959
Fayetteville, WV 25840
*Counsel for Plaintiff*

_____
James S. Crockett, Jr. (WV Bar No. 9229)
Bruce M. Jacobs (WV Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
Spilman Thomas & Battle, PLLC
PO Box 273
Charleston, West Virginia 25321-0273
*Counsel for Defendant*

The foregoing is a true copy of an order entered in this office on the _11_ day of _May_, 20_11_.
PAUL H. FLANAGAN, Circuit Clerk of Raleigh County, West Virginia
By: _____
Deputy

COPY

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,           )
                              )
            Plaintiff,    )
                              )
VS:                        )     CIVIL ACTION NO:
                              )        10-C-989-H
                              )
CAPITAL ONE BANK (USA), N.A.,  )
                              )
            Defendant.    )

---

Transcript of the hearing held in the above-styled suit, before the Honorable John A. Hutchison, on the 29th day of April, 2011, and reported by Karen R. Meyers, Official Court Reporter of said Court.

---

**KAREN R. MEYERS, C.C.R.**
OFFICIAL COURT REPORTER
FOR THE HONORABLE JOHN A. HUTCHISON
RALEIGH COUNTY COURTHOUSE
215 MAIN STREET
BECKLEY, WEST VIRGINIA 25801
304-255-9199

## APPEARANCES

FOR THE PLAINTIFF:

        RALPH YOUNG, ESQUIRE
        STEVEN R. BROADWATER, JR., ESQUIRE
        HAMILTON, BURGESS, YOUNG & POLLARD
        Post Office Box 959
        Fayetteville, West Virginia 25840

FOR THE DEFENDANT:

        ANGELA L. BEBLO, ESQUIRE
        SPILMAN, THOMAS & BATTLE,, PLLC
        Post Office Box 173
        Charleston, West Virginia 25321-0173

Proceedings                             Pages  3 - 11

Reporter's Certificate                    Page  12



1          THE COURT:   We're here in the matter of <u>John S.</u>

2  <u>Shuff v. Capital One Bank (USA) N.A.</u>, Case No. 10-C-989.

3          The plaintiff is represented by Mr. Young and

4  Mr. Broadwater, and the defendant is represented by

5  Ms. Beblo today.

6          And it's my understanding, Mr. Young, we're here

7  on your motion for partial summary judgment; is that

8  correct?

9          MR. YOUNG:   Yes, Your Honor, and Mr. Crockett and

10  I last night at dinner, as well as Ms. Beblo and I this

11  morning, conferred and as to most of the calls, there is a

12  question of fact.  However, as to eight of the calls, on

13  account number 6902 -- on account 6902, there's eight calls

14  that the defendant concedes were made after a notation was

15  made in their records that the plaintiff was attorney

16  represented.  So we agree that there are eight violations.

17          THE COURT:   Everything I'm seeing, Mr. Young, says

18  account ending 7028.

19          MR. YOUNG:   Well, since then, we were given more

20  records, and there are two accounts.  And as to 7028, there

21  is an issue of fact.

22          THE COURT:   As to all of them?

23          MR. YOUNG:   As to all of them.  As to the other

24  account, there's an issue of fact -- disputed issue of fact

*KRM*

**4**

1    as to most of the calls, but there is no dispute as to eight

2    calls from -- defendant admits December 4, 2010 that they

3    noted in their records the plaintiff was working with a

4    lawyer.  Not counting that call, defendant admits that there

5    were eight calls thereafter, the last call taking place on

6    November 9, 2010.

7            THE COURT:  Wait a minute.  The records are

8    showing 12/4/2010?

9            MR. YOUNG:  No, 10/4/2010 would be call number

10   zero, and then the eight calls would have occurred between

11   10/4/2010 and 11/9/2010.  But our agreement as to those

12   eight violations is subject to defendant's right to argue

13   preemption.  And, on preemption, we will file our reply

14   brief today.  It's already prepared and we will file it

15   today.  And then I don't know what the Court's pleasure is,

16   whether the Court is going to rule on brief or whether the

17   Court wants oral argument.  Since I last appeared --

18           THE COURT:  How many of these do I have?  I've got

19   at least three right now with the preemption argument.

20           MR. YOUNG:  I can give you a list -- in the Cap

21   One and the Chase cases that I'm working with Spilman on, I

22   can give you a list by judge.

23           Since I was last here, Your Honor, Judge

24   Kirkpatrick in two cases found that there was no preemption.

**KRM**

5

1   Yesterday Judge Burnside indicated that when the matter is

2   ripe for a hearing, he is going to rule there is no

3   preemption.  He believes Judge Goodwin's most recent

4   decision in <u>Smith</u> is the better reasoned of the two.

5           So what I would suggest is, I can give the Court a

6   list of all the cases with this law firm, between Cap One

7   and Chase, that are assigned to this Court, which they

8   raised the preemption in every one of those, and we're going

9   to file the identical brief in every case.  And I guess the

10  only issue is do you want to -- do we want to argue it again

11  or do we just want to decide it on briefs?

12          THE COURT:  No, we've already argued it once.  You

13  weren't here.  I heard argument in another case.  I have a

14  whole stack of material, including the <u>Smith</u> case, that they

15  provided me.  It was not your case, Ms. Beblo, but I've got

16  it in a number of these federal bank cases.

17          MR. YOUNG:  But we don't need 30 days or anything,

18  we'll file it today.  I meant to bring it with us, we just

19  didn't have the time to change the style and whatnot.

20          THE COURT:  Well, get it filed today then.  I'll

21  rule on brief.  I think the issue is very, very clear.

22  You've got a number of courts, bankruptcy courts and

23  district courts, in the state of West Virginia, that have

24  ruled that preemption does apply, and now you're telling me

*KRM*

1   that Judge Kirkpatrick has ruled the other way.

2            MR. YOUNG:  He has followed Judge Goodwin's

3   decision, the most recent decision, in Smith.  It's

4   confusing.  The opposing cases are Smith and Jones.

5            And Mr. Broadwater explained this to me on the way

6   over here, I can give a thirty-second synopsis.  The case

7   that started all the problems was the Jones case, which was

8   Judge --

9            THE COURT:  Bailey's case.

10           MR. YOUNG:  -- or I'm sorry, Padgett, which was

11   Judge Bailey's case.  And in Padgett, Judge Bailey found

12   that under HOLA -- which is a whole different set of federal

13   laws that deal with federal savings banks, as opposed to

14   national banks.  He said under HOLA, it's preempted.

15           Then there were two Northern District bankruptcy

16   decisions, which applied the Padgett reasoning to NBA,

17   National Bank cases and found preemption.

18           Judge Goodwin looked at the issue and said, no,

19   those two bankruptcy decisions are wrong, I'm not going to

20   touch Judge Bailey's decision on HOLA preemption, because

21   that's not before me, but I find that the NBA, the National

22   Banking Act, which controls national banks, is not preempted

23   and hence, the reasoning in the two Northern District

24   bankruptcy cases is inappropriate, and that's essentially

*KRM*

1    the long and short of it.  The <u>Padgett</u> case was, again --

2    there's FSBs and there's national banks, federal savings

3    banks, two parallel sets of laws which were eliminated as of

4    this summer with legislation, but it takes effect over the

5    next couple of years, so all of this distinction is going to

6    go away.

7              THE COURT:  Well, there's also --

8              MR. YOUNG:  But now there is a Southern District

9    case that finds there's no NBA preemption.

10             THE COURT:  Ms. Beblo, do you want a chance to do

11   your thirty seconds?

12             MS. BEBLO:  I'll give the thirty-second version,

13   Your Honor.  You know, I think there's a couple of things --

14   there are additional cases prior to <u>Padgett</u> that Judge

15   Bailey also did decide.

16             As far as <u>Smith</u>, I think <u>Smith</u> is highly

17   distinguishable.  I mean, it dealt with a mortgage case and

18   Judge Goodwin actually specifically stated, although it

19   didn't have 128, he claims, that, you know, it was a very

20   limited decision, to the specific facts of the case dealing

21   with mortgages under the West Virginia Consumer Credit

22   Protection Act.

23             I think the third response, Your Honor, is that

24   while the original <u>Jones</u>, <u>Romeo</u> and <u>Meluzio</u> decisions were

*KRM*

1 bankruptcy decisions, those decision are actually, right

2 now, pending in front of Judge Bailey and Judge Keeley in

3 the Northern District.

4         THE COURT: Those issues have been appealed?

5         MS. BEBLO: Those issues have been appealed.

6 There are two of them in front of Judge Keeley, there is one

7 of them in front of Judge Bailey, specifically relating to

8 128(e) claims on credit card cases against a national bank

9 under the NBA. And that would be our thirty-second spiel,

10 Your Honor.

11         THE COURT: There's a distinction, even under the

12 National Banking Act, and the applicability of the Federal

13 Fair Debt Collection Act, because that's essentially what it

14 says. What they're saying is, is that any -- the argument

15 in favor of preemption says that -- essentially says that

16 hey, this is a national bank, the National Banking Act

17 applies, and then that, as a side, invokes the National Fair

18 Debt Collection Act. And so the national banks are kind of

19 covered under that, as I understand the theory.

20         But, essentially, that Act says that if the bank

21 is actually doing the collection, trying to collect, they're

22 exempt. Stop just a minute.

23         (Short pause in proceedings)

24         But anyway, that's my understanding, the federal

*KRM*

9

1   Fair Debt Collection Act, and in another case – and maybe

2   I'm missing the point here – but at least it says that even

3   the federal Fair Debt Collection Act doesn't apply to the

4   bank if they're doing their own collection.  If they send it

5   out to a -- either they sell the debt or they farm it out to

6   a collection agency that's not owned by the bank, then that

7   agency is covered under the federal Fair Debt Collection

8   Act, but the bank, itself, is not.

9           MR. YOUNG:  That's correct.  Under the Fair Debt

10  Collection Practice Act, Your Honor, no creditor is covered,

11  so no national bank trying to collect their own debt, no

12  local bank trying to collect their own debt, no one is

13  covered that's trying to collect their own debt under the

14  Fair Debt Collection Practice Act.

15          THE COURT:  It's limited to third-party

16  collectors.

17          MR. YOUNG:  That's right, because it only applies

18  to debt collectors, and debt collectors, within the

19  definition of the federal Act, do not include the original

20  creditor.

21          THE COURT:  Right.

22          MR. YOUNG:  But when we get to West Virginia, the

23  definition of debt collector includes the original creditor.

24

*KRM*

1      THE COURT:  I understand.  Thus, the reason why

2  they believe that the National Banking Act preempts.  If

3  that is, in fact, the case, then these calls are kind of

4  like a so-what.

5      MR. YOUNG:  And if it's preempted, then national

6  banks have no regulation as to consumer cases --

7      THE COURT:  Right, I understand.

8      MR. YOUNG:  -- because the federal Act --

9      THE COURT:  But you know, that's the case if -- if

10  that's what the federal law says and the federal law applies

11  to national banks, then they're exempt from West Virginia

12  fair debt collection procedures and they're also exempt

13  under the federal statute, because if they're doing it

14  themselves, they're not a debt collector under the statute.

15  Okay, I've got it guys.

16      Get me an order on this pursuant to your

17  agreement.  The issue is eight calls after attorney

18  notification, but the issue is that that is subject to the

19  right of Capital One to argue the preemption issue.  And

20  even though they may have made those eight calls after

21  notification of attorney representation, if preemption

22  applies, this case is gone.

23      MR. YOUNG:  Right.  And if it doesn't apply,

24  plaintiffs still are going to pursue the question of fact,

**KRM**

```
 1    because we believe there's 70 calls --
 2             THE COURT:  Absolutely, it's a question of fact as
 3    to the other calls, yeah.
 4             MR. YOUNG:  Do you want to prepare this, because
 5    you never can agree with my language?
 6             MS. BEBLO:  I can do that.
 7             THE COURT:  Get me an order.
 8             (WHEREUPON, the hearing concluded at 11:06 a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

*KRM*

# REPORTER'S CERTIFICATE

STATE OF WEST VIRGINIA,

COUNTY OF RALEIGH, to-wit:

       I, Karen R. Meyers, Official Court Reporter for the Honorable John A. Hutchison, Judge, do hereby certify that the foregoing is, to the best of my skill and ability, a true and correct transcription of the hearing which was held in this matter on the 29th day of April, 2011, the request for production of same having been received from Ms. Beblo at the conclusion of the hearing.

       Given under my hand, this the 10th day of March, 2011.

_____
KAREN R. MEYERS, CCR

**KRM**

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

       Plaintiff,

v.

                                   CIVIL ACTION NO. 10-C-989-H
                                   (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

       Defendant.

## CERTIFICATE OF SERVICE

       I, Angela L. Beblo, counsel for Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Defendant's Answers and Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Defendant,** has been served upon counsel of record via regular U.S. Mail, First Class postage prepaid, this 9th day of May, 2011, and addressed to the following:

                          Ralph C. Young, Esquire
                          Christopher B. Frost, Esquire
                          Hamilton, Burgess, Young & Pollard, PLLC
                          P.O. Box 959
                          Fayetteville, WV 25840
                          *Counsel for Plaintiff*

                                                       Angela L. Beblo (WV Bar No. 10345)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

      Plaintiff,

v.                                             CIVIL ACTION NO. 10-C-989-H
                                             (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

      Defendant.

## ORDER

On the 29th day of April, 2011, came plaintiff John S. Shuff ("Plaintiff"), by his counsel, Ralph C. Young, and defendant Capital One Bank (USA), N.A. ("Defendant"), by its counsel, Angela L. Beblo, upon Plaintiff's Motion for Partial Summary Judgment on 77 Violations of West Virginia Code §46A-2-128(e). Upon review of the written submissions and oral arguments of counsel, the Court hereby **FINDS** as follows:

    1.    There are no genuine issues of material fact concerning 8 telephone calls on account 6902 that were placed by Defendant to Plaintiff after October 4, 2010, the date on which Defendant admits receiving notice from Plaintiff that he was represented by an attorney.

    2.    There are genuine issues of material fact concerning the remaining 69 telephone calls on which Plaintiff moved for partial summary judgment.

    3.    However, summary judgment on the 8 telephone calls for which there are no genuine issues of material fact is subject to Defendant's right to argue that Plaintiff's claims under West Virginia Code §46A-2-128(e) are preempted by the National Bank Act, 12 U.S.C. § 24.

**WHEREFORE**, the Court takes Plaintiff's Motion for Partial Summary Judgment on 77

Violations of West Virginia Code §46A-2-128(e) under advisement pending additional briefing

and this Court's ruling on the issue of preemption.

On this ⎽⎽⎽ day of May, 2011, it is **SO ORDERED.**

**The Clerk is DIRECTED** to send copies of this order to counsel at the addresses

provided below.

_____
Judge John A. Hutchison, 10th Judicial Circuit

**AGREED TO:**

_____          _____
Ralph C. Young (WV Bar No. 4176)            James S. Crockett, Jr. (WV Bar No. 9229)
Christopher B. Frost (WV Bar No. 9411)       Bruce M. Jacobs (WV Bar No. 6333)
Steven R. Broadwater, Jr. (WV Bar No. 11355)  Angela L. Beblo (WV Bar No. 10345)
Hamilton, Burgess, Young & Pollard, PLLC     Spilman Thomas & Battle, PLLC
PO Box 959                                   PO Box 273
Fayetteville, WV  25840                      Charleston, West Virginia 25321-0273
*Counsel for Plaintiff*                       *Counsel for Defendant*

The foregoing is a true copy of an order
entered in this office on the ⎽⎽⎽ day
of ⎽⎽⎽⎽ May ⎽⎽⎽, 20 11
PAUL H. FLANAGAN, Circuit Clerk of
Raleigh County, West Virginia
By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
                    Deputy

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**JOHN S. SHUFF,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 10-C-989-H**
                                                  **(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

        **Defendant.**

### CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **Defendant's Supplemental Answers and Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Defendant,** has been served upon counsel of record via regular U.S. Mail, First Class postage prepaid, this 6th day of July, 2011, and addressed to the following:

> Ralph C. Young, Esquire
> Christopher B. Frost, Esquire
> Hamilton, Burgess, Young & Pollard, PLLC
> P.O. Box 959
> Fayetteville, WV 25840
> *Counsel for Plaintiff*

                                       Angela L. Beblo (WV Bar No. 10345)

#2913212

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

      Plaintiff,

v.
                                        CIVIL ACTION NO. 10-C-989-H
                                        (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

      Defendant.

## VERIFICATION

COMMONWEALTH OF VIRGINIA,

COUNTY OF GOOCHLAND, to-wit:

    I, Brad Mason, being first duly sworn, depose and say:

    1.    That I am authorized to execute this Verification on behalf of defendant Capital One Bank (USA), N.A.;

    2.    That the facts stated in the answers to interrogatories contained in "Defendant's Supplemental Answers and Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Defendant," are true and correct; and

    3.    That the facts stated therein that are not within my personal knowledge are, upon information and belief, true and correct, and I am informed and believe that the facts stated therein are true and correct.

Taken, subscribed and sworn to before me this 6ᵗʰ day of July, 2011.

My commission expires: _4-30-2014_

Notary Public

Kymberly W. Johnson
Commonwealth of Virginia
Notary Public
Commission No. 7034779
My Commission Expires 4/30/2014

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JOHN S. SHUFF,

      Plaintiff,

v.                                         CIVIL ACTION NO. 10-C-989-H
                                               (Judge John A. Hutchison)

CAPITAL ONE BANK (USA), N.A.,

      Defendant.

### DEFENDANT CAPITAL ONE BANK (USA), N.A.'S SUPPLEMENTAL
### MEMORANDUM ON PREEMPTION OF WEST VIRGINIA CODE § 46A-2-128(e)

Defendant Capital One Bank (USA), N.A. ("COBUSANA"), submits this second supplemental memorandum on the question of whether section 46A-2-128(e) of the West Virginia Code is preempted by federal law. It is important to stress at the outset that the question posed is not whether the West Virginia Consumer Credit and Protection Act ("WVCCPA") is preempted in its entirety or whether any provision of the WVCCPA other than section 128(e) is preempted. As explained below, the decision of the United States Bankruptcy Court for the Northern District of West Virginia in *Jones v. Capital One Bank (USA), N.A.*, is binding precedent on this issue in this Court. In fact, this decision logically follows a string of cases from the West Virginia federal courts on the preemption question. The only federal case not finding section 128(e) to be preempted, *Smith v. BAC Home Loan Servicing, LP, et al.*, dealt with a different type of lending than the one at issue here, and the *Smith* court limited its decision to the facts of that particular case. Therefore, COBUSANA requests that this Court deny plaintiff's John Shuff's ("Plaintiff") motion for partial summary judgment as to liability ("Motion") and hold that Plaintiff's claims under section 128(e) of the West Virginia Code ("section 128(e)") are preempted by the National Bank Act ("NBA").

## ARGUMENT

**A.    Plaintiff's claims under section 128(e) are preempted.**

On March 7, 2011, the United States Bankruptcy Court for the Northern District of West Virginia held that claims identical to those at issue here – for alleged violations of section 128(e) relating to a credit card account – were preempted by the NBA. *Jones v. Capital One Bank (USA), N.A.*, 2:10-ap-00125, Doc. 20 (Bankr. N.D.W. Va. Mar. 7, 2011); *see also Romeo v. Capital One Bank (USA), N.A.*, 1:10-ap-00124, Doc. 22 (Bankr. N.D.W. Va. Mar. 7, 2011) (holding the same).[1] On March 21, 2011, the Bankruptcy Court again held that such claims are preempted. *Meluzio v. Capital One Bank (USA), N.A.*, 2:10-ap-02083, Doc. 15 (Bankr. N.D.W. Va. Mar. 21, 2011). Specifically, the court in *Jones* held that section 128(e) was preempted because it more than incidentally affected the lending of a national bank, stating that "as applied to a national bank, [section 128(e)] is an impermissible attempt to regulate the manner in which the business of banking is carried out." *Id.* at 6-8.  Although the *Jones* court was the first to hold that section 128(e) was preempted by the NBA in the context of credit card accounts, this holding is supported by a long line of recent cases by the District Judges in the Northern and Southern Districts of West Virginia shedding light on the scope of federal preemption of section 128(e) and other provisions of the WVCCPA. *See, e.g., Padgett v. OneWest Bank, FSB*, 3:10-cv-08, Doc. No. 25 (N.D.W. Va. Apr. 19, 2010); *Bishop v. Ocwen Loan Servicing, LLC*, 3:10-cv-0468, Doc. No. 23, (S.D.W. Va. Oct. 19, 2010); *Lomax v. Bank of Am., N.A.*, 435 B.R. 362 (N.D.W. Va. 2010); *Frye v. Bank of Am., N.A.*, 3:10-cv-47, Doc. No. 33 (N.D.W. Va. Aug., 16, 2010); *Staats v. Bank of Am., N.A.*, 3:10-cv-68, Doc. No. 43 (N.D.W. Va. Nov. 4, 2010); *Staats v. Bank of Am., N.A.*, 3:10-cv-68, Doc. No. 48 (N.D.W. Va. Jan. 13, 2011) (on motion to reconsider).

---

[1] Pursuant to Rule 6.04 of the West Virginia Trial Court Rules, copies of all cited cases not reported in the United States Report, West Virginia Reports, or South Eastern Reports are attached as Exhibit A.

2

The court in *Jones* recognized that "the business activities of national banks are controlled by the [NBA] and regulations promulgated by the Office of the Comptroller of Currency ["OCC"]." *Jones,* 2:10-ap-00125, Doc. No. 20 at 3 (*citing Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 6 (2007).) Accordingly, national banks are subject to state law only so long as "doing so does not prevent or significantly interfere with the national bank's or the national bank regulator's exercise of its powers." *Id.* (*quoting Watters,* 550 U.S. at 12). Section 128(e) "both regulates how collection efforts by a debt collector are to be made, and preserves the integrity of the attorney-client relationship," *id.* at 4, and thus, is not *expressly* preempted by the NBA or corresponding regulations. *Id.* at 5-6.

The court nonetheless found that section 128(e) was preempted because it more than incidentally affected the lending of a national bank by regulating "the manner in which the business of banking is carried out." *Id.* at 6-8. Specifically, the Court found persuasive the analysis of the Northern District of West Virginia in *Lomax,* which found that the undertaking required by the language "appears" in section 128(e) would more than incidentally affect lending. *Id.* at 6-7 (citing *Lomax,* 435 B.R. at 371). The court found persuasive the following explanation of the burden imposed on a bank by section 128(e), as articulated in the context of a federal savings bank:

> First, the federal savings bank must establish guidelines or otherwise train its employees in how to comprehend and then note for the file when it "appears" that there is attorney representation. It must then develop procedures for changing its communications process in connection with the servicing of the mortgage loan, including its procedures for sending out monthly statements and all other correspondence as well as making telephonic communications. If the federal savings bank has not been given the attorney's name and address, the federal savings bank must then take steps to try and ascertain this information because it may not, under the WVCCPA, communicate directly with a debtor . . . if the federal savings bank can "easily ascertain" such information. Finally, the federal savings bank runs the risk of falling afoul of the WVCCPA if it does not expend the amount of effort to ascertain such information that a trier of fact might consider to fall within the scope of "easily ascertaining" such information.

3

*Id.* at 7 (quoting *Padgett v. OneWest Bank, FSB,* 3:10-cv-08, 2010 U.S. Dist. LEXIS 38293 (N.D.W. Va. Apr. 19, 2010)). Based upon the analyses in *Lomax* and *Padgett,* the *Jones* court concluded that the type of activity regulated by section 128(e) concerns the servicing of a loan. *Id.* at 7. "Servicing a loan generally entails sending billing statements and keeping track of payments, a central component of loan administration, which also includes delinquency follow-up procedures and contact with borrowers of the type that may be protected by West Virginia law under W. Va. Code § 46A-2-128(e)." *Id.* The Court, accordingly, found that section 128(e) "obstructs, impairs or conditions a national bank's non-real estate servicing/ loan administration activities because [section 128] attempts to govern how a national bank may engage in debt collection activity within an individual state, and subjects a national bank to liability for violating a state statute." *Id.* at 7-8. As applied to a national bank, section 128(e) is an "impermissible attempt to regulate the manner in which the business of banking is carried out." *Id.* at 8. This attempt to regulate the manner in which the business of banking is carried out raises a presumption that section 128(e) is preempted. *Id.* at 4-5 and 8. Implicit within the analysis in *Lomax,* and expressly noted by the Court in *Jones,* is the fact that "an array of Federal consumer protection standards, ensure that national banks are subject to consistent and uniform federal standards, administered and enforced by the OCC, that provide strong and extensive customer protection and appropriate safety and soundness-based criteria for their lending activities." *Id.* at 8 (quoting Fed. Reg. Vol. 69, No. 8, p. 1912 (Jan. 13, 2004)).

The *Jones* court acknowledged that a presumption of preemption may be rebutted by a party opposing preemption. *Id.* But the court determined that plaintiffs could not rebut the presumption of preemption as applied to section 128(e). *Id.* at 8-10. The court found that section 128(e) "govern[ed] how a debt collector is to collect a validly owing debt when it appears the debtor

4

is represented by an attorney," that this interference was more than incidental, and that section 128(e) was preempted. *Id.* at 8-10 (distinguishing between the right to collect a debt and the manner of debt collection). Finally, the court noted that a "contrary finding would mean that a national bank would have to change its debt collection practices depending on individual state law when that debt collection activity is not otherwise prohibited by federal law." *Id.* at 10.

The claims asserted by Plaintiff under section 128(e) are *identical* to those that were before the court in *Jones*. Plaintiff claims that COBUSANA placed telephone calls to her after it appeared that she was represented by an attorney. The court in *Jones* resolutely held that such claims are a matter of federal law, and are preempted. The analysis of the *Jones* court applies here, and Plaintiff's claim under section 128(e) is preempted.[2]

**B.      The recent decision of the Southern District of West Virginia in *Smith* is distinguishable and does not preclude a finding of preemption in this case.**

Plaintiff mistakenly asserts that the recent *Smith* decision somehow reflects inconsistent rulings by federal courts relating to preemption. This could not be further from the actual holding in the case. The United States District Court for the Southern District of West Virginia recently held that a claim for an allegedly improper foreclosure on real property was not preempted by the NBA and the OCC regulations. *Smith v. BAC Home Loan Servicing, LP, et al.*, 2:10-cv-00354, Doc. 34 (S.D.W. Va. Mar. 11, 2011). In that case, the plaintiff had received notices that she was in default on her mortgage loan. *Id.* at * 1. She contacted the defendant and obtained a loan modification. *Id.* According to the plaintiff, the company servicing her mortgage loan then foreclosed on that loan despite her loan modification. *Id.* at * 1-2. The plaintiff alleged that the company had pursued

---

[2] During the hearing on Plaintiff's partial motion for summary judgment, Plaintiff relied on *Stover v. Fingerhut Direct Marketing, Inc.*, in an attempt to argue that the United States District Court for the Southern District of West Virginia would disagree with the decision in *Jones*. *Stover*, 709 F. Supp. 2d 473 (S.D.W. Va. 2009). *Stover* did not involve NBA preemption of section 128(e). Instead, the *Stover* court considered whether the WVCCPA was unconstitutionally vague for the purposes of the First Amendment. *Id.* at 480-85. That question is not before the Court, and the decision in *Stover* is irrelevant to the NBA preemption analysis.

foreclosure on her home when she was not in default. *Id.* at 3. She amorphously based one of her claims on section 128's general prohibition against the use of unconscionable means in collecting a debt. *Id.* Ms. Smith did not allege any claims under subsection (e) based on the receipt of collection calls after notification of attorney representation. *Id.*

In contrast, the claims asserted by Plaintiff in this case are distinguishable from the plaintiff's allegations in *Smith* because they are based specifically upon subsection (e) which, as explained by the court in *Jones*, imposes a heavier burden on national banks than that required by federal law. The distinction between Plaintiff's allegations and the allegations in *Smith* is supported by the limitation that the *Smith* court imposed on its holding, stating: "my analysis does not immunize the entire WVCCPA from federal preemption, nor does the analysis even foreclose preemption of a claim brought under [section 128]. Rather, my holding today is simply that the NBA and OCC regulations, as applied in this case, do not preempt Plaintiff's claims." *Id.* at 21, n.17. Indeed, the regulation at issue in *Smith* relating to real estate lending, found in 12 C.F.R. § 34.4, is separate and distinct from the non-real estate regulation at issue in *Jones*, *Romeo*, and *Meluzio*, which is found at 12 C.F.R. § 7.4008. Thus, the holding in *Smith* is distinguishable from the holding in *Jones* and the facts alleged here, and it does not preclude a finding of preemption in this case. Indeed, after the *Smith* decision, the United States Bankruptcy Court for the Northern District of West Virginia again ruled that claims asserted under section 128(e) are preempted by the NBA. *See Meluzio*, 2:10-ap-02083, Doc. 15.

## C.   The Dodd-Frank Act does not alter the preemption standard applicable to Plaintiff's claims.

Plaintiff's counsel has previously argued that the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub. L. No. 111-203, 124 Stat. 1376 (2010), makes *Jones* "dinosaur law." While the Dodd-Frank Act may have overhauled the nation's consumer

6

protection laws, it has not drastically changed the preemption standard.  Section 1044 of the Dodd-

Frank Act, codified as 12 U.S.C. § 25b, provides for preemption of state consumer financial laws[3]

under three circumstances:

> (1)    Where application of the state law would have a discriminatory effect on national banks, in comparison with the effect of the law on state chartered banks;

> (2)    Where, in accordance with the legal standard articulated in *Barnette Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner*, 517 U.S. 25 (1996), the state law *prevents or significantly interferes with the exercise by the national bank of its powers*; or

> (3)    Where the state law is preempted by a provision of federal law other than Title X of the Dodd-Frank Act, also called the Consumer Financial Protection Act.

By expressly adopting the standard articulated in *Barnette Bank*, the Dodd-Frank Act maintains the

status quo for NBA preemption.  The decision in *Jones* is unaffected by the enactment of the Dodd-

Frank Act, where the court's decision was based upon that standard.  *See Jones*, 2:10-ap-00125,

Doc. No. 20, at 3 (noting that states "are permitted to regulate the activities of national banks where

doing so does not prevent or significantly interfere with the national bank's or the national bank

regulator's exercise of its power.").[4]

    Additionally, the Dodd-Frank Act, as a whole, does not apply to Plaintiff's claims because

his contract is not covered by the Act.  By its own terms, the Dodd-Frank Act does not apply to

---

[3] State consumer financial laws are defined in the statute as state laws that do not directly or indirectly discriminate against national banks and that directly and specifically regulate the manner, content, or terms and conditions of any financial transaction or any account related thereto, with respect to a consumer.  12 U.S.C. § 25b(a)(2).

[4] COBUSANA anticipates that the Plaintiff will rely on section 1041 of the Dodd-Frank Act, codified at 12 U.S.C. § 5551, to argue that the Dodd-Frank Act imposes a greater preemption standard on national banks than that previously imposed.  Section 1041 provides, in pertinent part, that "This title, *other than sections 1044 though 1048*, may not be construed as annulling, altering, or affecting, or exempting any person subject to the provisions of this title from complying with, the statutes, regulations, orders, or interpretations in effect in any State, except to the extent that any such provision of law is inconsistent with the provisions of this title, and then only to the extent of the inconsistency."  Section 1041 continues, noting that "For purposes of this subsection, a statute, regulation, order, or interpretation in effect in any State is not inconsistent with the provisions of this title if the protection that such statute, regulation, order, or interpretation affords to consumers is greater than the protection provided under this title."  This section of the Dodd-Frank Act, however, is expressly inapplicable to the section 1044, which is the section articulating the preemption standard for national banks.

7

contracts, such as Plaintiff's, that were entered into before its enactment on July 21, 2010.[5]  In other words, the Dodd-Frank Act does not apply retroactively.  Section 1043 of the Dodd-Frank Act, codified at 12 U.S.C. § 5553, provides:

> This title, and regulations, orders, guidance, and interpretations prescribed, issued, or established by the Bureau, shall not be construed to alter or affect the applicability of any regulation, order, guidance, or interpretation prescribed, issued, and established by the Comptroller of the Currency or the Director of the Office of Thrift Supervision regarding the applicability of State law under Federal banking law to any contract entered into on or before the date of enactment of this Act, by national banks, Federal savings associations, or subsidiaries thereof that are regulated and supervised by the Comptroller of the Currency or the Director of the Office of Thrift Supervision, respectively.

12 U.S.C. § 5553.  Plaintiff opened his account on November 23, 2002, well before the enactment of the Dodd-Frank Act or its effective date of July 21, 2011.  Under the plain language of section 1043, the Dodd-Frank Act does not apply to Plaintiff's account or the preemption issue before the Court.

**D.  Because state courts should apply federal courts' interpretations of federal law, this Court should follow the decision of the court in *Jones*.**

The West Virginia Supreme Court of Appeals has held that the Supremacy Clause of the United States Constitution provides the basis for a preemption analysis, and West Virginia courts are obligated to honor the Clause.  *In re: West Virginia Asbestos Litig.*, 592 S.E.2d 818, 821 (W. Va. 2003).  The Supremacy Clause declares that the "Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and **the judges in every state shall be bound thereby . . . .**"  U.S. Const. Art VI, para. 2.

---

[5] The provisions of the Dodd-Frank Act do not become effective until July 21, 2011.  12 U.S.C. § 5551 ("This subtitle shall become effective on the designated transfer date"); *id.* § 5582 (defining "designated transfer date"); 75 F.R. 57252-02 (setting July 21, 2011 as the designated transfer date).

Much as the Erie Doctrine binds the federal courts to faithful adherence to the decisions of state court on issues of state law, federal court decisions on issues of federal law are just as much the law of the land and binding on the state courts as federal statutes.[6]  *See Jackson v. Builders Transport, Inc.,* 1996 WL 431992, 3 (4th Cir. 1996); *Grantham v. Avondale Indus.,* 964 F.2d 471, 473-74 (5th Cir.1992); *Pauk v. Bd. of Trustees of City Univ. of N.Y.,* 654 F.2d 856, 866 n.6 (2d Cir. 1981) (a state court decision cannot preclude a federal court's more authoritative decision on matters of federal law); *Illinois v. City of Milwaukee,* 406 U.S. 91, 99 (1972) (federal courts have an extensive responsibility of fashioning rules of substantive law . . . . These rules are as fully 'laws' of the United States as if they had been enacted by Congress.') (*quoting Romero v. International Terminal Operating Co.,* 358 U.S. 354, 393 (1959)(Brennan, J., concurring in part and dissenting in part)).  Accordingly, a "state court cannot 'refuse to enforce the right arising from the law of the United States because of conceptions of impolicy or want of wisdom on the part of Congress in having called into play its lawful powers.'"  *Testa v. Katt,* 330 U.S. 386 (1947) (*quoting Minneapolis & St. L.R. Co. v. Bombolis,* 241 U.S. 211, 222, 36 S.Ct. 595, 598 (1916).  The federal court's decisions in *Jones, Romeo,* and *Meluzio,* as the only federal decision to directly address NBA preemption of section 128(e) claims in non-real estate lending cases, have the same force and authority as a statute mandating preemption, and this Court must follow that precedent.

Plaintiff's counsel has argued that this Court should apply the holding of the West Virginia Supreme Court of Appeals in *Chevy Chase Bank v. McCamant,* 512 S.E.2d 217, 222-23 (W. Va. 1998), and find that section 128(e) is not preempted.  In *McCamant,* the Court held that the

---

[6] COBUSANA does not contend that this Court lacks jurisdiction to decide the issue of preemption.  "Under the dual system of sovereignty established by the United States Constitution, state courts are presumed to enjoy concurrent jurisdiction with federal courts over federal questions."  *State ex rel. Sharon Orlofske v. City of Wheeling,* 575 S.E.2d 148, 153 (W. Va. 2002).  Rather, COBUSANA advocates that this Court must apply the precedent set forth in *Jones* and its progeny, which were decided by a federal court and are the only cases directly on point with the issue presently before this Court.

WVCCPA is not preempted by the Home Owners' Loan Act of 1993 ("HOLA"), 12 U.S.C. § 1464. *McCamant* is inapplicable to the question before this Court for two reasons. First, the claims asserted by the Plaintiff in *McCamant* were not section 128(e) claims; they were based on section 129a, which prohibits debt collectors from placing telephone calls to a consumer or a third party and stating that the call is "urgent" or an "emergency." *Id.* at 220-21. Like the *Smith* decision, *McCamant* does not address the specific claims asserted by the Plaintiff in this action, as the *Jones* decision does.[7] Therefore, *McCamant* is not binding on the issue before the Court.

As noted by the West Virginia Supreme Court of Appeals, the Supremacy Clause of the United States Constitution provides the basis for a preemption analysis, and West Virginia courts are obligated to honor the Clause. *In re: West Virginia Asbestos Litig.*, 592 S.E.2d at 821. Preemption is a question of federal – not state – law. It invalidates the application of certain statutes and prevents the assertion of certain claims. *Jones, Romeo,* and *Meluzio* are the only on-point federal court decisions relating to credit card lending, and those decisions have explicitly held that section 128(e) is preempted by the NBA. Thus, this Court must find that Plaintiff's section 128(e) claims are preempted.

## CONCLUSION

Under the federal precedent announced in *Jones* and reiterated in *Romeo* and *Meluzio*, Plaintiff's claims against COBUSANA for violations of section 128(e) are preempted by the NBA and the regulations of the OCC. None of the cases or statutes relied on by Plaintiff during the hearing on his Motion are applicable to Plaintiff's contract or to the issues before the Court. For this

---

[7] In *McCamant*, the Court based its holding in part on the fact that the FDCPA does not apply to a federal savings bank in the collection of its own debts, and that the FDCPA does not preempt state regulation of debt collection practices. *McCamant*, 512 S.E.2d at 223. While each of these conclusions is true, neither is dispositive of the question of whether section 128(e) is preempted by the NBA or HOLA. As noted in *Lomax*, "the FDCPA's application to [the bank], if at all, has no effect on the issue of preemption." *Lomax*, 435 B.R. at 371. Rather what is important is the fact that section 128(e) imposes a heavier burden than that imposed by federal law, and thereby more than incidentally affects lending. *Id., see Jones*, 2:10-ap-00125, Doc. No. 20 at 7 (quoting *Lomax* for this proposition).

reason, this Court should deny Plaintiff's Amended Motion and hold that her claims under section 128(e) are preempted.

**CAPITAL ONE BANK (USA), N.A.,**

**By Spilman Thomas & Battle, PLLC**

_____
James S. Crockett, Jr. (WV Bar No. 9229)
Bruce M. Jacobs (WV Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
P.O. Box 273
Charleston, WV  25321-0273
304.340.3800
304.340.3801 (facsimile)

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**JOHN S. SHUFF,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 10-C-989-H**
　　　　　　　　　　　　　　　　　　　　　　**(Judge John A. Hutchison)**

**CAPITAL ONE BANK (USA), N.A.,**

       **Defendant.**

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant, Capital One Bank (USA), N.A., do hereby certify that on July 18, 2011, I served the foregoing **Defendant Capital One Bank (USA), N.A.'s Supplemental Memorandum on Preemption of** *West Virginia Code* **§ 46A-2-128(e)** via regular U.S. Mail, postage prepaid, as follows:

> Ralph C. Young, Esquire
> Christopher B. Frost, Esquire
> Hamilton, Burgess, Young & Pollard, PLLC
> P.O. Box 959
> Fayetteville, WV 25840
> ***Counsel for Plaintiff***

Angela L. Beblo (WV Bar #10345)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

John S. Shuff     **PLAINTIFF**

V.            CIVIL ACTION NO.  10-C-989-H

CAPITAL ONE BANK (USA), N.A.,   **DEFENDANT**

**Findings of Fact and Conclusions of Law Denying the Defendant's Motion for Preemption under Federal Law**

### FINDINGS OF FACT

On the 29th day of April came the Plaintiff by counsel and also came the Defendant by counsel pursuant to a Motion for Partial Summary Judgment filed by the Plaintiff. The court by an order signed and entered on the record on May 11, 2011 granted partial summary judgment in favor of the Plaintiff and reserved to the defendant the right to argue preemption under of the National Banking Act.  The court having reviewed the pleadings and memoranda herein and farther having considered the arguments of counsel finds as follows:

1. Plaintiff by its counsel filed a lawsuit and alleges multiple claims under the West Virginia Consumer Credit and Protection Act.

2. Of those claims, W.Va. Code §46A-2-128(e) prohibits "[a]ny communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily

ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication."

3.  On October 4, 2010, Defendant placed a telephone call to Plaintiff. In the conversation which then took place, Defendant was advised that Plaintiff was represented by an attorney whose name and telephone number were then made known to Defendant.

4.  Thereafter, Defendant continued to place telephone calls to the Plaintiff, before this lawsuit was filed. The court has granted partial summary judgment and has found that at least eight phone calls were made after the Defendant was aware that the Plaintiff was represented by counsel.

5.  Defendant contends that *W. Va. Code* §46A-2-128(e) does not apply to Capital One Bank because this provision is pre-empted by federal law; specifically, the NBA.

6.  The Defendant, Capital One Bank (USA), N.A., has produced in discovery its policies and procedures which evidence that its collectors: a) are trained in specific laws which prohibit or require specific acts when collecting debts in particular states, b) are trained and knowledgeable in methods for changing or otherwise modifying information on customer accounts concerning the telephone number of customers from whom Capital One is attempting to

collect a debt, c) already voluntarily comply with the Federal Debt Collection Practices' prohibition of not contacting anyone other than the debtor's attorney after it has been made known to the collector that the debtor is represented and the attorney's contact information is known, d) have a procedure in place to stop calls to attorney represented customers by blocking all further calls to the customer, e) have a procedure in place to stop all calls to a customer who asks that telephone calls cease, by blocking further calls to such telephone number, and f) comply with all applicable state laws regarding debt collection.

## CONCLUSIONS OF LAW

1.     There are three types of pre-emption analyses that the Court must look to when determining whether a state law is pre-empted: field preemption, express preemption, and conflict preemption.  While this Court is not bound to do so, it agrees with and adopts Judge Goodwin's analyses in *Smith v. BAC Home Loan Servicing, LP*, 769 F. Supp. 1033, 1038-1039 (2011), that this code section, 128(e), is not subject to field preemption or express preemption, as it is clear that Congress did not expressly pre-empt any state law consumer protection and enforcement statutes, and it is clear that Congress never intended to occupy the entire field of national banking regulation.  Therefore, Defendant can only succeed on its conflict preemption argument.

2.   In order for this Court to make a finding that conflict preemption bars Plaintiff's section 128(e) claims, this court must find that section 128(e) "stand[s] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" or, in other words, for the state law to survive, the state law cannot "prevent or significantly interfere with the national bank's exercise of its powers." *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 31, 33 (1996).

3.   This Court notes Defendant's contention this Court should adopt the decision issued by Judge Bailey in *Padgett v. One West Bank, FSB*, 2010 WL 1539839, and that case's progeny.  In *Padgett*, Judge Bailey surmised that the burden placed on that debt collector (a federal savings bank, not a national Bank) by Section 128(e) was so heavy as to preempt the West Virginia statute. However, this Court distinguishes the *Padgett* case on 2 separate grounds: 1) the *Padgett* decision was not based on any evidence offered by the Defendant bank, but in fact represented a wholesale adoption of the bank's attorneys' arguments submitted in its brief (*Id.* at 9); and 2) Judge Bailey made his ruling by interpreting the *Home Owners' Loan Act* (HOLA) and the federal agency charged with regulating the Federal Savings Bank (FSB's), the Office of Thrift Supervision (OTS), as opposed to the NBA and its regulation body the Office of the Comptroller of the Currency (OCC) at issue in this case.

4.    This Court also notes that Judge Johnston of the Southern District of West Virginia's Federal District Court has previously had an opportunity to examine the burden *W. Va. Code* §46A-2-128(e) places on national banks in *Stover v. Fingerhut*, 709 F. Supp.2d 473, 484 (2009).  In analyzing Section 128(e), Judge Johnston found:

> Communications with a debtor are prohibited when it appears that the debtor is represented by an attorney *and* "the attorney's name and address are known, or could be easily ascertained." If the name and address of the debtor's attorney are known, a debt collector could not argue in good faith that it did not "appear" that the debtor was represented by counsel. If, however, it appears that the debtor is represented but the name and address of `the attorney are not known, the statute plainly commands that debt collectors attempt to ascertain the missing information. **This is no heavy burden, as the statute requires that the attorney's name and address be ascertained when it can be done so "easily." A reasonably intelligent person, and certainly a sophisticated debt collector, can decipher the Representation Provision's requirements.**

This Court believes that a fair reading of the statute would say that the appearance that a debtor is represented by an attorney would require more than a hint of representation. It would require information in the debtor's file coming from the debtor or someone on the debtor's behalf that would place a reasonable debt collector on notice that an attorney was involved on behalf of the debtor. The language of the statute clearly does not require that the debt collector exhaustively research each debtor to determine representation. The

language does require that when the information is reasonably available, then the prohibitions do apply.

The requirements of this statute do not place a heavy burden upon collectors covered by the NBA and therefore preemption does not apply.

5.   Finally, this Court acknowledges that Judge Goodwin of the Southern District recently had the opportunity to analyze whether a similar code section's prohibitions were preempted by the NBA in *Smith*, supra.  In that case, the Defendant debt collector argued that Section 128's general prohibition of unconscionable and unfair debt collection practices was preempted by the NBA as overly burdensome.  Judge Goodwin disagreed:

> …I look to the intent of Congress, as best demonstrated by the text of the NBA, and conclude that **there is no significant federal regulatory objective at play that would merit displacing the generally applicable state consumer-protection claims presented in the Complaint.** It is apparent that even if BAC must comply with West Virginia's statutory prohibitions on misrepresentations and unconscionable conduct in the field of debt collection (as every debt collector doing business in West Virginia must also do), BAC will remain free to engage in the federally regulated and sanctioned business of mortgage servicing. **Obstacle preemption is not triggered merely because West Virginia's broad statute prohibiting unlawful forms of debt collection happens to ensnare certain practices of national banks.**

*Smith*, supra, at 1046.

6.   This Court finds it significant that Judge Goodwin was examining the general prohibitory language of Section 128 which provides: "No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim."  However, the statute also provides five specific examples which are "deemed," "without limitation," to be unfair or unconscionable with Section 128 (e) being the 5th such specific prohibition. (I.e. prohibiting communication with attorney represented consumers, the section challenged by Defendant as unduly burdensome).  The conclusion to be drawn is that a specific prohibition could hardly be more burdensome than a general prohibition against a myriad of possible unfair or unconscionable acts.


7.   Based on the evidence presented in this case, this Court is persuaded by Judges Johnston and Goodwin of the United States District Court for the Southern District of West Virginia, because the evidence presented in this case shows that Defendant is capable of complying with, and in fact asserts that it already complies with, the requirements of section 128(e). Evidence presented additionally shows the ease by which Defendant can comply with the statute's requirements. This Court agrees with Judge Johnston's

observation that Section 128(e) places "no heavy burden" upon Defendant. Therefore, this Court finds that Section 128(e) does not prevent or significantly interfere with this national bank's exercise of its powers, nor does the code section present an obstacle to the purposes or objectives in Congress's regulation of the banks, by the test as articulated in *Barnet Bank v. Nelson.*

**Therefore,** it is the **Order** of this Court that Plaintiff's claims under *W. Va. Code* §46A-2-128(e) are not preempted by the provisions of the National Banking Act.

THE CLERK IS DIRECTED TO MAIL A COPY OF THIS ORDER TO COUNSEL OF RECORD AT THE ADDRESS SHOWN BY THE PLEADINGS.

ORDER.

ENTERED:

JUDGE JOHN A. HUTCHISON.

8/19/11

The foregoing is a true copy of an order entered in this office on the __19__ day of __Aug__, 20_11_.
PAUL H. FLANAGAN, Circuit Clerk of Raleigh County, West Virginia
By._____
Deputy